Ronnie Charles GILES, Appellant,

v.

The STATE of Texas, Appellee.

No. 60957.

Court of Criminal Appeals of Texas, Panel No. 3.

June 3, 1981.

Rehearing Denied July 8, 1981.

W. John Allison, Jr., on appeal only, Dallas, for appellant.

Henry M. Wade, Dist. Atty., W. T. Westmoreland, Jr., Paul Macaluso and Sue Lagarde, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for murder. Punishment was assessed at twenty years.

In his second ground of error appellant contends it was error to refuse his request that a charge on the lesser included offense of involuntary manslaughter be submitted to the jury. The State introduced appellant's confession:

"On a Sunday night near the end of August I was at home when Ira McCullough called. Ira asked me if I wanted to go out and drink beer with him. I told Ira I would go and he told me he would be by in about thirty minutes. I have known Ira for about three months. I have been with him several times. Ira picked me up and we went to the Marsalis Park and parked. We were in Ira's green Volkswagen.

"I had a .38 caliber derringer that I got from my brother, Michael. I took the gun out of my pocket and pointed the gun at Ira.

"The gun went off and Ira slumped over. I got out of the car and ran. While I was running I dropped the derringer.

"The next day my other brother, Michael, came to the house and I told him what happened."

█ Appellant relies on the part of his confession that states he pointed the gun at deceased and it went off. It has been held that pointing a loaded gun at a person constitutes criminal negligence. See *London v. State*, 547 S.W.2d 27 (Tex.Cr.App.); *Dockery v. State*, 542 S.W.2d 644 (Tex.Cr. App.). The distinction between involuntary manslaughter under V.T.C.A., Penal Code Sec. 19.05(a)(1), (the issue in this case), and criminally negligent homicide, 19.07, (the issue in *London*), lies in their respective culpable mental states of recklessness and criminal negligence. *Lewis v. State*, 529 S.W.2d 550 (Tex.Cr.App.).

█ Since pointing a gun at a person raises the issue of criminally negligent homicide, i. e., as to whether the accused was unaware of the requisite risk that he ought to have been aware of (criminal negligence, V.T.C.A., Penal Code Sec. 6.03(d)), it also raises the issue of whether he was in fact aware of the risk and consciously disregarded it (recklessness, Sec. 6.03(c), supra), i. e., it raises the issue of involuntary manslaughter. Which of the two inferences regarding the accused's awareness of the

risk is correct is a matter to be drawn from the circumstances by the jury. *Dillon v. State*, 574 S.W.2d 92 (Tex.Cr.App.). It was therefore error to refuse to charge[1] the jury on the lesser included offense of involuntary manslaughter so that the jury could decide whether to infer recklessness or intent to kill. Instead, the jury was permitted only to convict of murder or to acquit. The judgment must be reversed.

█ In another ground of error appellant challenges the sufficiency of the evidence to show the shooting was intentionally done. The confession shows appellant pointed the pistol at deceased. A pistol is a deadly weapon per se. *Williams v. State*, 567 S.W.2d 507 (Tex.Cr.App.); *Jackson v. State*, 548 S.W.2d 685 (Tex.Cr.App.); *Garcia v. State*, 541 S.W.2d 428 (Tex.Cr.App.). When a deadly weapon is used, a presumption arises that the defendant intended to kill the victim. *Nelson v. State*, 573 S.W.2d 9 (Tex.Cr.App.); *Valore v. State*, 545 S.W.2d 477 (Tex.Cr.App.); *Williams v. State*, supra; *Jackson v. State*, supra. The evidence was sufficient. The ground of error is overruled.

The judgment is reversed and the cause remanded.

---

1. The State relies exclusively on its assertion that the issue is not preserved for review. The opinion in *Dirck v. State*, 579 S.W.2d 198 (Tex. Cr.App.), upon which it relies was rejected by the court on rehearing in that case. The issue in this case was preserved.