**Luis LUGO, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 2530cr.**

Court of Appeals of Texas,
Corpus Christi.

March 10, 1983.

---

Doug Tinker, Mark Haynes, Tinker & Tor, Corpus Christi, for appellant.

Wm. B. Mobley, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of murder. After trial by jury, the court assessed punishment at confinement for 16 years in the Texas Department of Corrections. In his sole ground of error, appellant contends that the trial court erred in refusing to instruct the jury on the law of involuntary manslaughter.

The trial court did instruct the jury on murder and criminally negligent homicide. A person commits involuntary manslaughter if he recklessly causes the death of an individual. Sec. 19.06 Tex.Penal Code Ann. (Vernon 1974). Sec. 6.03(c) of the Penal Code defines recklessness:

"A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint."

In determining whether a charge on a lesser included offense is required, a two-step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that, if the defendant is guilty, he is not guilty of the alleged offense but is guilty only of the lesser offense. *Royster v. State,* 622 S.W.2d 442 (Tex.Cr.App.1981) (on rehearing).

The State's evidence shows that in the early morning hours of December 7, 1980, appellant shot and killed his wife. According to appellant's two teenaged children, the couple had been arguing, and appellant's wife had told appellant to get out of the house. Just before the fatal shooting, appellant's wife entered the children's bedroom and said that the appellant had tried to choke her. According to the older daughter, appellant then appeared in the bedroom doorway with a gun. To the daughter's plea not to shoot their mother, appellant replied, "Why not?" Appellant and his wife then struggled for control of the gun. The deceased then let go of the gun as appellant jerked it from her. Appellant then shot her. A police officer, who arrived on the scene while the appellant's

wife was still alive, testified that she said appellant shot her during an argument.

In his own defense, appellant testified that the gun discharged by accident. He admitted arguing with his wife and being told to leave the house but denied trying to choke her. Appellant further testified that, while gathering his clothes, he discovered the rifle, went to his daughters' room and made an offer to his wife to exchange the gun for car keys. He said his wife grabbed the rifle, and as they struggled, the gun accidently fired. Appellant denied cocking or loading the rifle and, in fact, stated that he believed the gun was unloaded.

Appellant, in support of his grounds for reversal, cites a portion of his own testimony for his contention that the issue of a reckless killing was raised by the evidence. That testimony shows: that the appellant realized a gun could kill someone if it were loaded; that he did not know whether it was loaded; and that he had no intention of killing his wife.

 The rule is well settled in Texas that if the evidence raises an issue on a lesser included offense, and the defendant requests a charge, the trial court must charge on that issue. *Ormsby v. State,* 600 S.W.2d 782 (Tex.Cr.App.1980). The credibility of evidence and whether it is controverted or conflicts with other evidence may not be considered in determining whether a defensive charge or instruction on a lesser included offense should be given. *Moore v. State,* 574 S.W.2d 122 (Tex.Cr.App.1978).

 The evidence raised by appellant did not establish that he consciously disregarded a perceived risk of possessing a rifle. There is nothing in appellant's testimony to show that the manner of his use was in any way unreasonable or that it constituted a gross deviation from the ordinary standard of care. The record shows from appellant's testimony itself that he did not check the weapon to see if it was loaded and, in fact, he stated that he believed it was unloaded. This negates any claim by him to have perceived the danger. See: *Simpkins v. State,* 590 S.W.2d 129 (Tex.Cr.App.1979),

and *Brooks v. State,* 548 S.W.2d 680 (Tex. Cr.App.1977).

The appellant's reliance on *Giles v. State,* 617 S.W.2d 690 (Tex.Cr.App.1981) is misplaced. In that case, the defendant admitted pointing a weapon at the deceased. The court held that pointing a gun at a person raises the issue of recklessness. See also: *Dillon v. State,* 574 S.W.2d 92 (Tex.Cr. App.1978). Here, the appellant denied pointing the rifle at his wife. This case is also distinguishable from *Salinas v. State,* 644 S.W.2d 744 (Tex.Cr.App.1983), in that the appellant in the instant case claimed he was not aware that the rifle was loaded.

We conclude that the evidence does not raise the issue of a reckless killing. We hold that the trial court did not err in refusing to instruct the jury on involuntary manslaughter.

The appellant's ground of error is overruled. The judgment of the trial court is AFFIRMED.