Ex parte Wanda M. **MAY**, Petitioner.

No. 05–84–00694–CR.

Court of Appeals of Texas,
Dallas.

Sept. 11, 1984.

Rehearing Denied Dec. 12, 1984.

Discretionary Review Granted
Feb. 6, 1985.

Kim R. Thorne, Grand Prairie, for petitioner.

Henry Wade, Dist. Atty., Anne B. Wetherholt, Asst. Dist. Atty., Dallas, for State.

Before GUITTARD, C.J., and ALLEN and ROWE, JJ.

ALLEN, Justice.

Wanda M. May appeals from the denial of habeas corpus relief. Petitioner contends that because she was found guilty of involuntary manslaughter pursuant to TEX.PENAL CODE ANN. art. 19.05(a)(2) (Vernon 1977), an information charging her with driving while intoxicated should be dismissed because both offenses arose out of the same automobile accident. For the reasons set forth below, we affirm.

■ We note at the outset that Texas has abandoned the carving doctrine. *Ex parte McWilliams*, 634 S.W.2d 815 (Tex. Crim.App.1982) (*en banc*), *cert. denied*, 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982). In *McWilliams*, 634 S.W.2d at 824, the Court of Criminal Appeals set forth the applicable test to determine whether jeopardy has attached. We quote from *McWilliams:*

> We will now decide double jeopardy questions under the strict construction of the Constitutions of the United States and of this State. The prohibitions against being twice put in jeopardy for the same offense requires a test for defining the 'same offense.' The Supreme Court of the United States has provided such a test:
>
> > [T]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.
>
> *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ... The Blockburger test is satisfied if each statutory offense requires the proof of a fact that the other does not. At trial there may be substantial overlap in the proof of each offense; however, it is the separate statutory elements of each offense which must be examined under this test. *Brown v. Alabama*, 619 F.2d 376 (5th Cir.1980). [Emphasis added.]

■ We now look to determine whether involuntary manslaughter and driving while intoxicated each require proof of a fact which the other does not. The elements necessary to establish the offense of involuntary manslaughter under TEX.PENAL CODE ANN. § 19.05(a)(2) are that: (1) the defendant; (2) operated a motor vehicle; (3) while intoxicated; (4) by accident or mistake; (5) *causing the death of an individual;* and (6) *the defendant's intoxication caused the death. Daniel v. State*, 577 S.W.2d 231 (Tex.Crim.App.1979). The elements necessary to establish the offense of driving while intoxicated are that: (1) the defendant; (2) operated a motor vehicle; (3) while intoxicated; (4) *upon a public road, highway, street, or alley. Johnson v. State*, 517 S.W.2d 536 (Tex. Crim.App.1975).

Thus, involuntary manslaughter requires proof of facts which driving while intoxicated does not, namely, that the defendant caused the death of an individual and that the defendant's intoxication caused the death. Further, driving while intoxicated requires proof of a fact which involuntary manslaughter does not, namely, that the vehicle was driven on a public road, highway, street, or alley. Therefore, since each offense requires proof of a fact which the other does not, petitioner's assertion of double jeopardy must fail.

Affirmed.