Kenneth Arthur KEITH, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–84–216–CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 23, 1985.

George McCall Secrest, Jr., Houston, for appellant.

John B. Holmes, Dist. Atty., Calvin A. Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before JUNELL and SEARS, JJ., and T. GILBERT SHARPE, Associate Justice, Retired.

## OPINION

JUNELL, Justice.

Appellant was convicted of involuntary manslaughter in a non-jury trial. Punishment was assessed at ten years' confinement. By his first ground of error, appellant complains that the evidence which supports the conviction is insufficient. We reverse the conviction and order the cause remanded.

In the early morning hours of April 16, 1982, the deceased, Kenneth Ott, was shot as he lay sleeping in his bed. Mr. Ott had spent the earlier part of the evening in his apartment, 10225 Bissonnet, Houston, watching television with several friends. A small amount of liquor was consumed during the evening, but Mr. Ott was not intoxicated when his friends left, at approximately midnight. The witnesses stated he was in good spirits and planning to retire for the evening.

At approximately 2:30 a.m. neighbors heard a shattering of glass and a person screaming for help. Mr. Ott was found lying on the sidewalk outside his apartment. He was bleeding, and several different witnesses asked him what had happened. His response each time was the same; he did not know what happened, he had just awoken in pain and bleeding. When the police arrived, they made a search of his apartment and found the bed covered with blood and the bedroom window broken out. An expert later established that the window was shattered by some form of projectile or bullet, fired from outside of the room at a distance greater than several feet. The deceased died shortly after the Life Flight team arrived. A .44 caliber bullet was later removed from his body and determined to be the cause of death.

During the investigation the following day, a security officer noticed that the chain fence and shrubbery located between the deceased's apartment complex and the neighboring complex were damaged in one particular area. Additionally, a small hole was observed in the screen of a downstairs apartment. This apartment, 10111 Bissonnet, faced the apartment of the deceased, separated by a distance of 68 feet. The damaged fence and shrubbery were in a direct line between the two apartments. Two police officers went to the apartment and were admitted by the appellant, who consented to a search of the premises. The officers found a .44 caliber revolver in a case under the mattress in the bedroom. Expert testimony at trial established that the bullet removed from the deceased's body was fired from this gun. After receiving full warnings, appellant made a statement as to the events of the preceding evening. He had evidently consumed a large quantity of liquor and his memory of the evening was sketchy. However, appellant did recall having the gun out at one point while he was in the apartment. Appellant also recalled he was alone in the apartment and stated the door was locked from the inside when he woke up on April

16. No other individual had access to the apartment.

Appellant contends in his first ground of error that the evidence was insufficient to sustain the conviction. Specifically, he argues the evidence was insufficient to establish he acted recklessly. An individual commits the offense of involuntary manslaughter if he *recklessly* causes the death of another individual. Tex.Penal Code Ann. § 19.05 (Vernon 1974). Reckless conduct occurs when the actor is aware of, but consciously disregards, a substantial and unjustifiable risk. Tex.Penal Code Ann. § 6.03(c) (Vernon 1974). A thorough examination of the record leads us to the conclusion that the evidence is insufficient to sustain the conviction. We are most troubled by the absence of evidence concerning the circumstances surrounding the discharge of the gun. Such evidence is consistently found in cases where involuntary manslaughter convictions have been affirmed. *See Mendez v. State*, 575 S.W.2d 36 (Tex.Crim.App.1979); *Yates v. State*, 624 S.W.2d 816 (Tex.App.—Houston [14th Dist.] 1981, no pet.). From the record before us, we are unable to determine if appellant acted recklessly in his handling of the weapon. We sustain appellant's first ground of error. Our disposition of this ground eliminates the need to consider appellant's second ground of error. The judgment of the trial court is reversed. Appellant is entitled to a judgment of acquittal of involuntary manslaughter. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

Our holding, however, does not bar further prosecution for criminally negligent homicide, which is the lesser-included offense of involuntary manslaughter. *Aliff v. State*, 627 S.W.2d 166 (Tex.Crim.App. 1982). The Court of Criminal Appeals has ruled that despite a finding of insufficient evidence on the greater offense, re-trial for the lesser-included offense is not precluded by the double jeopardy constraints of the Constitution. *Black v. State*, 637 S.W.2d 923 (Tex.Crim.App.1982); *Granger v. State*, 605 S.W.2d 602 (Tex.Crim.App.1980); *Rogers v. State*, 575 S.W.2d 555 (Tex.Crim. App.1979). This rule applies equally to cases where trial was to the court as well as jury trials. *Moss v. State*, 574 S.W.2d 542 (Tex.Crim.App.1978). We conclude the evidence would be sufficient to support a conviction for this lesser offense. *See Lopez v. State*, 630 S.W.2d 936 (Tex.Crim. App.1982); *Brannon v. State*, 165 Tex. Cr.R. 169, 310 S.W.2d 85 (1957). The cause is remanded to the trial court with instructions to conduct an independent review of all the evidence in the record and determine whether a conviction upon criminally negligent homicide should be entered. Upon an affirmative finding, the court shall assess punishment accordingly. *See Ex parte Harris*, 600 S.W.2d 791 (Tex.Crim.App. 1979).

The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to enter a judgment of acquittal of involuntary manslaughter and conduct further proceedings consistent with this opinion.

T. GILBERT SHARPE, Associate Justice, Retired, dissenting.

I respectfully dissent. In my view, the judgment of the trial court convicting appellant of involuntary manslaughter and imposing sentence of ten years' confinement should be affirmed.

The author of this dissenting opinion was originally designated to prepare the opinion of the court. However, since my brethren disagree with the opinion submitted by me, affirming the judgment, I have re-written it to be a dissenting opinion, and particularly to point out the reasons for affirmance instead of reversal of the judgment of the trial court.

Appellant duly waived a jury, and the case was tried by the judge of the court below.

The facts set out in the majority opinion are largely extracted from the original opinion submitted by me. Some additional

facts from the record may be added in this dissenting opinion. The majority recognizes that there was evidence which established that Kenneth Ott died from a gunshot wound when the appellant's pistol was fired in his bedroom and the bullet travelled through his window on a direct line a distance of about 68 feet, through a window in the adjoining apartment complex and struck Ott who was sleeping next to his bedroom window. When the officers, with consent, searched Appellant's apartment they found this .44 revolver in a case under the mattress in the bedroom.

The two grounds of error asserted by appellant are as follows:

GROUND OF ERROR NUMBER ONE
*Assuming, arguendo, that the evidence is sufficient to establish that the firearm in question was fired by the appellant,* the evidence is wholly insufficient, as a matter of law, to establish that the appellant acted recklessly, as proscribed by TEX.PENAL CODE ANN., § 19.-05(a)(1) (Vernon 1974). (emphasis supplied)

GROUND OF ERROR NUMBER TWO
The state failed to prove the corpus delicti in the case at bar because it failed to establish by competent evidence beyond a reasonable doubt that the death of the complainant was caused by a criminal act.

The majority opinion does not at any place recite or refer to the first words of appellant's Ground Number One, as underscored hereinabove. Nor does it refer to appellant's Ground Number Two except to state that there is no need to consider it.

The majority opinion in that portion which disposes of appellant's Ground Number One reads as follows:

A thorough examination of the record leads us to the conclusion that the evidence is insufficient to sustain the conviction. We are most troubled by the absence of evidence concerning the circumstances surrounding the discharge of the gun. Such evidence is consistently found in cases where involuntary man-

slaughter convictions have been affirmed. *See Mendez v. State,* 575 S.W.2d 36 (Tex.Crim.App.1979); *Yates v. State,* 624 S.W.2d 816 (Tex.App.—Houston [14th Dist.] 1981, no pet.). From the record before us, we are unable to determine if appellant acted recklessly in his handling of the weapon. We sustain appellant's first ground of error.

In my view, the majority approach to the determination of the issues involved on the appeal of this case is not a correct one. It, particularly, substitutes the judgment of appellate judges for that of the trial judge.

It seems appropriate at this point to quote from *Lopez v. State,* 630 S.W.2d 936, 940 (Tex.Crim.App.1982), wherein the court held:

As set out in *Griffin v. State,* 614 S.W.2d 155 (Tex.Cr.App.1981), when the question of sufficiency of the evidence is raised, we, the reviewing court must review all of the evidence in the light most favorable to the prosecution. That is, we must not ask ourselves whether we believe that the evidence at trial established guilt beyond a reasonable doubt, but our inquiry must be that, after viewing the evidence in the light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime beyond a reasonable doubt. *See also Edwards v. State,* 561 S.W.2d 834 (Tex.Cr.App.1977).

Aside from the incomplete recitation of appellant's Ground Number One it appears, therefore, that the basic error leading to the conclusion to reverse this case is the failure of the majority to recognize or apply the established rule which governs an appellate court and the judges thereof in passing upon the essential findings of a lower court, in this case made by the judge.

In *Houston v. State,* 663 S.W.2d 455 (Tex.Crim.App.1984) (en banc), the court referred to a number of recent cases decided by it which settled the question of the standard of review to be used in circumstantial evidence cases. The unanimous opinion in part reads as follows:

The court found that the standard for review in both direct and circumstantial evidence cases is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.... In both direct and circumstantial evidence cases the reviewing court will look at all the evidence in the light most favorable to the verdict or judgment.

Appellant contends that the evidence herein is so conjectural that it equally supports criminal conduct or even that the discharge of the weapon was accidental. I do not agree. In *Lewis v. State,* 529 S.W.2d 550 (Tex.Crim.App.1975), the court dealt with similar questions. There, as here, the evidence did not raise the issue of accident. There, as here, the defendant acted recklessly, not negligently. The court found:

We agree that the offenses of involuntary manslaughter and criminally negligent homicide differ in the culpable mental state which suffices to establish the commission of each offense. Reckless conduct as defined by V.T.C.A. Penal code, Section 6.03(c) involves conscious risk creation, that is, the actor is aware of the risk surrounding his conduct or the results thereof, but consciously disregards that risk. Criminal negligence as defined by V.T.C.A. Penal Code, Section 6.03(d)[2] involves inattentive risk creation, that is, the actor ought to be aware of the risk surrounding his conduct or the results thereof. At the heart of reckless conduct is conscious disregard of the risk created by the actor's conduct; the key to criminal negligence is found in the failure of the actor to perceive the risk. As defined, criminal negligence is a lesser culpable mental state than recklessness; mere proof of criminal negligence would not suffice to support a conviction for the offense of involuntary manslaughter. V.T.C.A. Penal Code, Sections 19.05(a)(1) and 19.07 do not penalize the same conduct and they are not so vague and uncertain as to be unconstitutional and unenforceable as

penal statutes. This ground of error is overruled.

See, also *Salinas v. State,* 644 S.W.2d 744, 746 (Tex.Crim.App.1983) in which the court said:

The distinction between involuntary manslaughter and criminally negligent homicide is simply of degree, the difference between recklessness and negligence. *Aliff v. State,* 627 S.W.2d 166 (Tex.Cr. App.1982); *Giles v. State,* 617 S.W.2d 690 (Tex.Cr.App.1981). "Recklessness", as defined by V.T.C.A., Penal Code, Section 6.03(c), occurs when one is aware of a risk but disregards it, thus, causing the result. "Negligence", as defined by V.T. C.A., Penal Code, Section 6.03(d), occurs when one is not aware of a risk but should be, and he engages in the conduct giving rise to the risk and the result follows. Here, we may presume that appellant was aware of the risk of injury or death by having a loaded, cocked pistol and exhibiting it, although at the time it discharged he was not specifically aware of shooting the deceased. Therefore, appellant having been aware of the risk, his conduct was reckless and a charge on involuntary manslaughter should have been given. *See, Giles v. State,* 617 S.W.2d at 691 (Tex.Cr.App. 1981).

In my view, there is no necessity to be "most troubled by the absence of evidence concerning the circumstances surrounding the discharge of the gun," as stated in the majority opinion.

If we recognize and apply the correct rule in the review of the judgment and findings of a lower court, it appears that the trial judge was abundantly authorized by the evidence to find that the firearm in question was fired by appellant. When we further consider that the appellant in his first ground of error on appeal has, arguendo, admitted that he fired the gun in question, that phase of the case is foreclosed against him.

Ultimately, the question presented to the trial judge was whether the appellant was aware of the risk but disregarded it. In

my view, the trial judge, as a rational trier of fact, properly found the essential elements of recklessness beyond a reasonable doubt, and that appellant was, therefore guilty of involuntary manslaughter.

There are a number of factors shown by the evidence which support findings of awareness of the risk and disregard of it by Appellant. One important factor is that the officers who searched Appellant's apartment found the pistol back in its case and under the mattress where Appellant usually kept it. A reasonable conclusion to be reached from this evidence is that after Appellant fired the gun (as he admits arguendo) he tried to cover up his conduct in the hope that any injury or damage could not be traced to him.

Appellant did not testify on the trial of this case, which, of course, was his privilege. However, he made a written statement to the officers at 5:40 p.m. on April 16, 1982, the same date as the shooting. Among other things Appellant admitted ownership of the .44 caliber revolver; that he kept it loaded in a brown zipper case under his mattress and that he recalled having the gun out at one point while in his apartment after returning from a drinking spree which started about 4:15 p.m. the afternoon before. Appellant also stated that he woke up about 3–3:30 p.m. on April 16, 1982, and shaved and took a shower; that he noticed a cut on the bridge of his nose and a scratch by his right nostril, and did not know how this happened.

Appellant's statement, therefore, shows that he engaged in a drinking spree for approximately eight hours before the shooting and probably was intoxicated; that "two or three times over a period of time, I have gone out and drank and then I won't remember much about what I did." However, under Section 8.04(a), Penal Code, voluntary intoxication does not constitute a defense. Tex.Penal Code Ann. § 8.04(a) (Vernon 1974). Appellant's awareness, conscious risk creation and disregard of risk should be analyzed and determined as if he had not been intoxicated.

In this case the proximity of the apartment complex in which Ott lived and the possibility that other persons in the area might be struck by a bullet fired from Appellant's pistol through the window of his bedroom would authorize the trial judge to find that risk would be present and further that this would be conscious risk creation and disregard of it by Appellant, amounting to recklessness.

If the majority opinion in this case should ultimately prevail, the result will be to reduce the conviction of involuntary manslaughter herein, (a third degree felony under Sec. 19.05(a)(1), Penal Code) to one of criminally negligent homicide (a class A misdemeanor under Sec. 19.07, Penal Code, criminally negligent homicide). Tex.Penal Code Ann. § 19.05(a)(1), § 19.07 (Vernon 1974). I do not agree with such a result.

The record reflects that the trial judge, the prosecutors, and the police in this case have all executed their duties diligently and efficiently. Their efforts should not be discounted by a reversal of the trial court judgment convicting the Appellant of involuntary manslaughter.

The judgment of the trial court should be affirmed.