**Ex parte Kenneth Arthur KEITH, Applicant.**

**No. C14–88–624–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 3, 1988.

Discretionary Review Granted Feb. 1, 1989.

George McCall Secrest, Jr., Houston, for appellant.

Cathleen Hersimchuk, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

OPINION

CANNON, Justice.

This is an appeal from a denial of pretrial habeas corpus relief. Applicant, Kenneth Arthur Keith, filed a petition for writ of habeas corpus on double jeopardy grounds after this court reversed a trial judge's finding of involuntary manslaughter for insufficient evidence and remanded the case for consideration of the lesser-included offense of criminally negligent homicide. We deny relief.

In 1985, the applicant was convicted of involuntary manslaughter in a non-jury trial and assessed ten years' confinement. On appeal in that cause, appellant contend-

ed that the evidence was insufficient to sustain the conviction. This Court agreed, finding the evidence insufficient as to *recklessness,* a necessary element of involuntary manslaughter. *See Keith v. State,* 692 S.W.2d 921 (Tex.App.—Houston [14th Dist.] 1985), *pet. ref'd with written opinion,* 721 S.W.2d 294 (Tex.Crim.App.1986); TEX.PENAL CODE ANN. § 19.05 (Vernon 1974). Finding some evidence of negligence, this Court held that further prosecution for the lesser-included offense of criminally negligent homicide was not barred. *See* TEX.PENAL CODE ANN. § 19.07 (Vernon 1974). Consequently, the cause was remanded to the trial court with instructions to enter a judgment of acquittal of involuntary manslaughter and to "conduct an independent review of all the evidence in the record and determine whether a conviction upon criminally negligent homicide should be entered." Id. at 923. It is from those instructions that the applicant seeks relief alleging that the second prosecution violates the double jeopardy provisions of the state and federal constitutions.

■ A short analysis of applicable double jeopardy decisions is in order. Both federal and state constitutions protect against a second prosecution for the same offense after acquittal. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); U.S. Const. amend. V; Tex. Const. art. I, § 14, interp. commentary (Vernon 1984). Where a conviction is reversed because of insufficient evidence, the result, for double jeopardy purposes, is the same as if the defendant were acquitted at trial. *Burks v. United States,* 437 U.S. 1, 10–11, 98 S.Ct. 2141, 2146–47, 57 L.Ed.2d 1 (1978); *Ex Parte Stephens,* 753 S.W.2d 208, 211 (Tex.App.—Dallas 1988, no pet.).

■ In *Burks,* the Supreme Court applied the fifth amendment to convictions reversed on appeal and held that double jeopardy forbids a second trial where there

is insufficient evidence to support the first conviction. *Burks v. United States,* 437 U.S. at 11, 98 S.Ct. at 2147. That holding however, is limited to cases where the State would retry the defendant for the same offense and does not apply to a retrial for a lesser-included offense. *Greene v. Massey,* 437 U.S. 19, n. 7, 98 S.Ct. 2151, n. 7, 57 L.Ed.2d 15 (1978). In Texas, criminally negligent homicide is a lesser-included offense of involuntary manslaughter because criminal *negligence* is a lesser culpable mental state than *recklessness.* *Aliff v. State,* 627 S.W.2d 166 (Tex.Crim.App. 1982).

■ In Texas, two standards are applicable when determining exposure to double jeopardy. *May v. State,* 726 S.W.2d 573 (Tex.Crim.App.1987). The *Blockburger* test prevents a second trial for the same offense, *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); and the collateral estoppel or "same evidence" test prevents a retrial for a different offense when the same issues would be relitigated. *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977).

The *Blockburger* test is satisfied, and a second trial allowed, when each offense requires proof of an additional fact which the other does not. *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182. For example, proof of aggravated rape requires proof of the offense of rape. Therefore, when a conviction for aggravated rape is reversed for insufficiency of the evidence, *Blockburger* bars a retrial for the offense of rape. *Ex Parte Stephens,* 753 S.W.2d 208 (Tex.App.—Dallas 1988, no pet.) [1]

In the present case, the *Blockburger* test is satisfied because involuntary manslaughter requires a finding of *recklessness* not required in criminally negligent homicide. Criminally negligent homicide, on the other

---

1. The Court of Criminal Appeals has remanded aggravated rape and aggravated assault cases for retrial on the underlying offense of rape and assault where evidence was insufficient to support the aggravating element. In those cases however, the court did not apply the *Blockbur-* ger test. See *Rogers v. State,* 575 S.W.2d 555 (Tex.Crim.App.1979); *Moss v. State,* 574 S.W.2d 542 (Tex.Crim.App.1978), overruled, 749 S.W.2d 784, 794 (Tex.Crim.App.1986) (double jeopardy discussion held advisory in opinion on State's motion for rehearing).

hand, requires a finding of *negligence* not required in involuntary manslaughter. *Compare*, TEX.PENAL CODE ANN. § 19.05 and § 19.07 (Vernon 1974).

Even when *Blockburger* is satisfied, the "same evidence" test can bar successive prosecutions where the second trial would require relitigation of factual issues already resolved by the first. *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). In *Vitale*, the defendant was convicted of failure to reduce speed following an auto accident that caused the death of another. Thereafter, the State sought to prosecute for involuntary manslaughter from the same episode. Although the *Blockburger* test was satisfied, the Court went on to consider whether the second prosecution would require proof of the same criminal conduct as the first. *Id.* at 410, 100 S.Ct. at 2260. Because the element of recklessness in manslaughter could be proved without evidence of failure to reduce speed, the Court allowed the second prosecution.

The Court of Criminal Appeals applied the "same evidence" test in *May v. State*, 726 S.W.2d 573 (Tex.Crim.App.1987). In that case, the defendant was convicted of involuntary manslaughter arising out of an automobile accident. Thereafter, the State commenced prosecution against her for DWI arising out of the same incident. The *Blockburger* test was satisfied because each offense required proof of facts that the other did not. Involuntary manslaughter required intoxication of the defendant causing death of an individual. DWI required the operation of a motor vehicle upon a public road. Because the *Blockburger* test was satisfied, the court of appeals remanded the case for a second trial. *Ex Parte May*, 682 S.W.2d 326 (Tex.App.— Dallas 1984), rev'd, 726 S.W.2d 573 (Tex. Crim.App.1987).

The Court of Criminal Appeals, applying *Vitale*, reversed the decision of the court of appeals, holding that in the subsequent trial for DWI, the State would rely on the same act of driving while intoxicated that it used to show recklessness in the involuntary manslaughter trial. Because the issue of driving while intoxicated had been litigated, the State was estopped from retrying the issue in a second trial.

In the present case, both involuntary manslaughter and criminally negligent homicide require consideration of the mental state of the defendant. Involuntary manslaughter requires the State to demonstrate that the defendant acted in reckless disregard of a known risk. Criminally negligent homicide, on the other hand, requires negligence or failure of the actor to perceive the risk. *Lewis v. State*, 529 S.W.2d 550, 553 (Tex.Crim.App.1975). While the mental state of the defendant will be at issue in both trials, we find that the elements of each mental state are so different that the second prosecution will not involve the "same evidence" as the first prosecution.

In conclusion, we hold that the trial court can review all the evidence in the record to determine whether a conviction for criminally negligent homicide should be entered, and we further hold this will not violate double jeopardy provisions of either federal or state constitutions.

Habeas corpus relief is denied.