**Ex parte Kenneth Arthur KEITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1361–88.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 29, 1989.

Rehearing Denied Jan. 17, 1990.

George McCall Secrest, Jr., Houston, for appellant.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was originally convicted of involuntary manslaughter in a trial before the court, and sentenced to ten years confinement. V.T.C.A., Penal Code Sec. 19.05. On direct appeal the Court of Appeals held the evidence was insufficient to establish that appellant was aware of, but consciously disregarded the substantial and unjustifiable risk of his actions. *Keith v. State*, 692 S.W.2d 921, 923 (Tex.App.—14th Dist. 1985).[1] As a result, the Court of Appeals reversed the judgment of the trial court, and ordered an acquittal on the charge of involuntary manslaughter. The Court of Appeals then concluded the evidence at trial would have been sufficient to convict appellant on the lesser included offense of criminally negligent homicide. *Keith, supra*, at 923. The Court of Appeals remanded the cause with instructions to conduct an "independent review" of all the evidence and determine whether a conviction for criminally negligent homicide should be entered. *Keith, supra*. This Court refused the State's petition for discretionary review.[2]

Before the trial court could begin its "independent review" hearing, appellant filed a pre-trial writ of habeas corpus. Appellant argued in his writ that the double

1. For an account of the facts as proven at trial, see the factual summary in the opinion of the Court of Appeals, *Keith, supra*, at 922.

2. In his dissent to this refusal, Presiding Judge McCormick wrote:
Further, I would grant review on this Court's own motion and reform the judgment of the Court of Appeals to reflect only a reversal and remand. The Court of Appeals is without authority to remand the cause with instructions to the trial court to conduct an independent review of the evidence and determine whether a conviction upon criminally negligent homicide should be entered and upon an affirmative finding being made the trial court should then assess punishment.
*Keith v. State*, 721 S.W.2d 294 (Tex.Cr.App. 1986).

jeopardy protections of the Fifth Amendment to the United States Constitution and Art. I, Sec. 14 of the Texas Constitution bar his retrial for the lesser included offense of criminally negligent homicide.[3] The trial court denied appellant's writ application. Appellant then appealed the trial court's denial of his application.

The Court of Appeals also denied appellant's habeas corpus relief. Relying on *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), wherein the Court held a second trial was permitted when each of the two offenses require proof of an additional fact which the other does not, the Court of Appeals concluded that the mental states of involuntary manslaughter and criminally negligent homicide contain elements "so different that the second prosecution will not involve the same evidence as the first prosecution." *Ex parte Keith*, 761 S.W.2d 442, 444 (Tex.App.—14th Dist.1988).

The Court of Appeals then again ordered the instant case returned to the trial court to "review all the evidence in the record to determine whether a conviction for criminally negligent homicide should be entered." *Ex parte Keith, supra,* at 444. This Court granted appellant's petition for discretionary review.

Appellant argues that because a conviction for a greater offense necessarily bars a subsequent prosecution for a lesser included offense, an appellate reversal for insufficiency of a conviction for a greater offense necessarily also bars a subsequent prosecution for a lesser included offense. Appellant states in his brief that the State should not be allowed to take more than one bite of the apple when it overpled the allegation initially. Appellant also argues the Court of Appeals erred in the remedy which it ordered in the instant case. Appellant contends this type of error calls for a remand for a new trial.

In its response to appellant's petition, the State argues that a retrial for criminally negligent homicide does not violate the Fifth Amendment's principles of double jeopardy.[4] The State emphasizes that an appellate reversal of a conviction for invol-

---

3. In his writ application, his brief before the Court of Appeals, and his petition and brief before this Court, appellant refers to an argument that his double jeopardy rights under the Texas Constitution have been violated. However, nowhere in these documents or in the hearing on his writ before the trial court did the appellant present any argument as to how or why the double jeopardy protections of the Texas Constitution apply to the instant case. Nowhere in these documents or the trial court hearing does appellant cite any authority for the application of the Texas Constitution's double jeopardy protections to his cause; nor does he cite authority for the proposition that Art. I, Sec. 14 extends to him more protection than the Fifth Amendment to the U.S. Constitution.

As such, appellant has failed to support his conclusory argument on Art. I, Sec. 14 with either authority or discrete analysis. The right of appellate review does not extend to complaints which are not in accordance with this State's statutes relating to appellate review. *Phillips v. State*, 511 S.W.2d 22 (Tex.Cr.App. 1974); Art. 40.09, V.A.C.C.P. (repealed 1986); Rules 74 and 203, Tex.Cr.App.R.; and *Foster v. State*, 779 S.W.2d 845 (Tex.Cr.App.1989). For these reasons, we reject appellant's arguments under the Texas Constitution and confine ourselves to his arguments under the Fifth Amendment.

4. In its brief, the State devotes considerable space to an argument that the test for double jeopardy in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) was founded on "autrefois convict" analysis. The State alleges that this Court's advisory opinion in *Garrett v. State,* 749 S.W.2d 784, 790–795 (Tex.Cr.App.1988) mistakenly extended "autrefois convict" analysis into an "autrefois acquit" situation. The State contends this to be an error not only in law, but also in policy, especially in light of the fact that appellant's "acquittal" was no more than appellate reversal for insufficient evidence. The State goes on to argue that the conclusion that the Double Jeopardy Clause bars a retrial of the lesser offense after an appellate reversal for insufficiency of the evidence of the greater offense is not supported by the policy expressed in the Supreme Court decisions of *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); and *Tibbs v. Florida,* 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).

We do not reach this argument of the State, however, because it has not been preserved for review before this Court. The State, when it filed its brief, did not have the benefit of *Wilson v. State,* 772 S.W.2d 118 (Tex.Cr.App.1989). In that case, this Court held that where the State intends to claim an error by the Court of Ap-

untary manslaughter does not bar a subsequent prosecution of appellant for criminally negligent homicide.

■ We do not reach the issue of whether the Court of Appeals' reversal of appellant's conviction for involuntary manslaughter bars a subsequent prosecution of appellant for criminally negligent homicide. This issue is not ripe for review because of the fact that there has not yet been an initiation of any subsequent prosecution. All we have had is an attempt by the trial court to convene the "independent review" hearing ordered by the Court of Appeals. *Ex parte Keith, supra,* at 444. We hold that the Court of Appeals lacked the authority to issue that part of its remand order. See note 2, *supra.*

After the Court of Appeals reversed the judgment of conviction and remanded the cause to the trial court with an order to acquit appellant of involuntary manslaughter, *Keith v. State,* 692 S.W.2d 921 (Tex. App.—14th Dist.1985), this Court refused the State's petition for discretionary review, thereby rendering the Court of Appeals' judgment final. Under the mandate of the Court of Appeals, the trial court was obliged to enter a judgment of acquittal. This single judgment would terminate the case against appellant. Article 42.01, V.A. C.C.P.

Having entered the judgment of acquittal of involuntary manslaughter, the trial court no longer had jurisdiction, power or authority to conduct the "independent review" hearing ordered by the Court of Appeals.

As a result of the Court of Appeals' unauthorized order, appellant is seeking relief from a prosecution for criminally negligent homicide that has not yet been properly initiated by the filing of a formal charge. As in *Garrett v. State,* 749 S.W.2d 784

(Tex.Cr.App.1986) (on rehearing), the issue of double jeopardy in the instant case is not ripe because the issue has been addressed "prior to the existence of an actual controversy capable of final adjudication." *Garrett, supra,* n. 4 at 804. Appellant and the courts should await the day he is subsequently charged with the lesser included offense of criminally negligent homicide.

This Court denies appellant the relief he seeks. We also set aside the Court of Appeals' decision to remand the instant cause to the trial court for an unauthorized hearing "to determine whether a conviction upon criminally negligent homicide should be entered."

It is so ordered.

TEAGUE and DUNCAN, JJ., concur in the result.

CLINTON, Judge, concurring.

Indictment in district court alleged an offense thusly:

"The defendant on or about April 16, 1982, did then and there unlawfully *recklessly* cause the death of Kenneth A. Ott ... by shooting a gun in the direction of and into an adjacent apartment building with windows directly facing the defendant[.]"

Pre-trial Petition for Writ of Habeas Corpus, at 2, para. V.[*]

One must read *Keith v. State,* 692 S.W.2d 921 (Tex.App.—Houston [14th] 1985), to gain an understanding of facts and circumstances surrounding the "act" of appellant. Essentially they are that during early morning hours Ott was asleep in his bed when a bullet crashed through a window some sixty eight feet on a direct line from the apartment of appellant, entered his body and caused his death; the bullet had been fired from a pistol appel-

---

peals' rejection of an argument, that claim should be presented to this Court in a petition for discretionary review or a cross-petition for discretionary review. Since the State "won" before the Court of Appeals in the instant case, a cross-petition would have been both appropriate

and necessary to preserve this issue for review by this Court. *Wilson, supra.*

[*] Above emphasis in original; all other emphasis throughout this opinion is mine unless otherwise indicated.

lant admitted handling that night in his apartment. But, as the court of appeals discerned, *viz:*

"... We are most troubled by the *absence of evidence concerning the circumstances surrounding the discharge of the gun.* Such evidence is consistently found in cases where involuntary manslaughter convictions have been affirmed, [citations omitted]. From the record before us, *we are unable to determine if appellant acted recklessly in his handling of the weapon.* "

*Id.,* at 923. Accordingly, the appellant court reversed the judgment of the trial court and remanded the cause "with instructions to *enter a judgment of acquittal of involuntary manslaughter.*" *Ibid.*

However, finding that criminally negligent homicide is a lesser included offense of involuntary manslaughter, and gratuitously concluding that "the evidence would be sufficient to support a conviction for this lesser offense," the appellate court also stated it was remanding the cause to the trial court with instructions "to conduct an independent review of all the evidence" and then to decide whether to convict appellant of criminally negligent homicide. *Ibid.*

In the instant habeas corpus proceeding, holding that "this will not violate double jeopardy," the court of appeals adhered to that notion. *Ex parte Keith,* 761 S.W.2d 442, 444 (Tex.App.—Houston [14th] 1988). But this Court now decides the latter remand instruction is without legal authority, as Presiding Judge McCormick and other Judges insisted earlier in dissenting from refusal of State's PDR.

Despite the fact, or because of it, that the court of appeals succumbed to an urge to render an "advisory" concerning disposition of an unalleged offense of criminal negligent homicide, the correct resolution of this habeas matter is an order denying relief.

The prior judgment of the Houston [14th] Court reversing the judgment of conviction below and instructing the trial court to enter a judgment of acquittal of the felony offense of involuntary manslaughter became final when this Court refused State's PDR. The mandate issued to the trial court, and that court was obliged to enter a judgment of acquittal as instructed. There can be but one judgment, and entry of that judgment would terminate the case. Article 42.01, V.A.C.C.P. (judgment is written declaration of court and entered of record showing conviction or *acquittal* of defendant).

Once it entered the judgment of acquittal, but for an unauthorized and erroneous remand with instructions to conduct "an independent review of all the evidence" to "determine whether a conviction upon criminally negligent homicide should be entered," the trial court was without further jurisdiction, power and authority in the case.

Dicta in *Moss v. State* [574 S.W.2d 542 (Tex.Cr.App.1978)] and its progeny, cited by the Houston [14th] Court in its first opinion, *Keith,* 692 S.W.2d at 923, was repudiated in *Garrett v. State,* 749 S.W.2d 784, at 794, n. 13, and at 804, n. 4. In the event, that notion is inapplicable here for the simple reason that in each cited case the lesser included offense mentioned is a felony within the jurisdiction of the trial court. to which the cause was remanded. The offense of criminally negligent homicide is a Class A misdemeanor. V.T.C.A. Penal Code, § 19.07.

Thus applicant is seeking relief against a prosecution that has not yet been properly initiated. Rather than repeat "the same mistake in past cases," *Garrett,* supra, at 804, n. 4, applicant and courts should await the day he is "subsequently charged with some lesser included offense." *Garrett,* at 804.

MILLER, Judge, concurring.

While I agree with the majority opinion's handling of appellant's ground of review, I write to comment on the court of appeals analysis of his jeopardy issue.

In 1987 this court unanimously adopted as our own the decision of the Corpus Christi Court of Appeals in *January v. State*, 695 S.W.2d 215 (Tex.App.—13th District, 1985). See *January v. State*, 732 S.W.2d 632 (Tex.Cr.App., 1987). In that case, the court of appeals succinctly delineated the three separate guarantees afforded by the double jeopardy clause of the United States Constitution and also the three different tests for determining the meaning of the phrase "same offense" germane to each of the three tests. I quote extensively from that opinion:

> At the outset, it is necessary for us to point out that the United States Supreme Court has specifically noted three separate guarantees arising from the Fifth Amendment Double Jeopardy Clause. It:
>
> > (1) protects against a second prosecution for the *same offense after acquittal,*
> >
> > (2) protects against a second prosecution for the *same offense after conviction* and
> >
> > (3) protects against multiple punishments for the *same offense [in the same trial]*.
>
> *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980).
>
> Each of these guarantees affords an accused a separate constitutional protection, and each protection requires a court to focus on different factors in determining the extent of the constitutional protection. For example, *the collateral estoppel doctrine owes its existence to the first guarantee* of double jeopardy protection (which protects against a second prosecution for the same offense after acquittal) *and requires a reviewing court to determine what issues were resolved favorably to the accused in a former trial, Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), while *the third guarantee of double jeopardy protection* (which protects against multiple punishments for the same offense *requires a court to review the statutory elements of two offenses when they are alleged to be "the same." Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The second guarantee of double jeopardy protection (which protects against a second prosecution for the same offense after conviction) has proven quite difficult to effectuate and, as noted below, has confused courts trying to define the parameters of the constitutional protection. The present case involves this second guarantee of double jeopardy protection. (emphasis supplied)

*January*, supra at 220.

It should be apparent that in the present case[1] the jeopardy issue concerns protections afforded under the first guarantee, not under the second or third. Therefore the "same offense" test of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) would, to me, seem inapplicable to the case at bar.

With these comments, I join the majority opinion.

---

1. And, should the State file a new complaint and information alleging the offense of criminally negligent homicide, in this new case also.