**Affirmed and Memorandum Opinion filed August 8, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00596-CR

---

### WILLIE BROOKS, Appellant

### V.

### STATE OF TEXAS, Appellee

---

**On Appeal from the Criminal District Court 4**
**Tarrant County, Texas**
**Trial Court Cause No. 1215599D**

---

### M E M O R A N D U M   O P I N I O N

Appellant Willie Brooks appeals his conviction for violating civil commitment requirements for sexually violent predators. He argues that trial counsel provided ineffective assistance by failing to move to quash the indictment. Because the indictment was not defective and appellant has proven no prejudice, we affirm.[1]

---

[1] Pursuant to its docket-equalization powers, the Texas Supreme Court transferred this appeal from the Second Court of Appeals to this Court. *See* Tex. Gov't Code § 73.001.

BACKGROUND

The Texas Health and Safety Code defines a "sexually violent predator" as a person who "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." Tex. Health & Safety Code Ann. § 841.003(a) (West 2010). The Act provides for the involuntary civil commitment of a repeat sexual offender who is found to be a sexually violent predator. *Id.* at § 841.081(a).

Appellant was determined to be a sexually violent predator and the trial court signed a final judgment and an order of civil commitment. A civil commitment order must meet certain statutory requirements. *Id.* at § 841.082(a). The order must require the person to "submit to tracking under a particular type of tracking service," participate in a "specific course of treatment," "reside in a Texas residential facility," and fulfill "any other requirements determined necessary by the judge." *Id.* at § 841.082(a)(1–9).

Four requirements of appellant's civil commitment order are relevant here. First, appellant was required to get permission prior to having contact of a sexual nature with any individual. Second, he was subject to global positional tracking service requirements, in which he was required to wear GPS tracking equipment around his ankle and charge this equipment for four hours a day. Third, as part of his treatment, appellant was required to make daily entries in a thought journal, the purpose of which was to keep a log of any deviant thoughts. Fourth, appellant was required to participate in and comply with a specific course of treatment, which encompassed the above three requirements.

The State alleged that appellant violated each of these requirements while he was residing at a halfway house in Tarrant County. According to the State, appellant violated the contact requirement by engaging in contact of a sexual

nature with a female resident of the same halfway house. The State also alleged that appellant separated from his GPS tracking equipment on five separate occasions and failed to charge the equipment on one occasion. Finally, the State alleged that appellant twice failed to participate in his treatment program by not making required entries in his thought journal. As a result of these alleged violations, appellant was discharged from his outpatient treatment program.

In an eleven-count indictment, appellant was charged with violating the civil commitment requirements for sexually violent predators, a third-degree felony. The first six counts dealt with GPS tracking violations, five for separating from his GPS equipment, and one for failing to charge his equipment. Counts 7 and 8 dealt with appellant's alleged violations of the sexual contact prohibition. Counts 9 and 10 dealt with appellant's violation of his course of treatment by not making required thought journal entries. Count 11 alleged that appellant did not participate in and comply with his course of treatment and was discharged from the treatment program because of the above violations. All counts alleged that the violations took place in Tarrant County and the case was prosecuted there.

The State recommended a sentence of ten years in a plea offer. A few weeks later, appellant waived his right to a jury trial and entered an open plea of guilty to all eleven counts. After hearing evidence, the trial court found that the evidence substantiated appellant's guilt and imposed a sentence of six years' confinement on each count, the sentences to run concurrently. Appellant did not file a motion for a new trial. The trial court certified appellant's right to appeal and appellant timely filed a notice of appeal.

## ANALYSIS

In a single issue, appellant contends that his trial counsel rendered ineffective assistance by failing to move to quash the indictment. Specifically,

appellant complains the indictment was defective for failing to: (1) allege criminal offenses; (2) show venue was proper in Tarrant County; and (3) charge offenses with sufficient specificity such that the prosecution would bar a subsequent prosecution for the same conduct. Because his trial counsel did not file a motion to quash challenging these alleged defects, appellant asks this court to reverse his convictions and remand the case to the trial court for a new trial. *Id.* We conclude, however, that the indictment was not defective, and in any event, it could have been amended to cure any defects.

## I.     Standard of review

A defendant has a Sixth Amendment right to effective assistance of counsel in guilty-plea proceedings. *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010); *see* U.S. Const. amend. VI. To succeed on a claim of ineffective assistance of counsel, the appellant must show that (1) counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment, and (2) there is a reasonable probability that, but for counsel's error or omission, the result of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–96 (1984); *Thompson v. State,* 9 S.W.3d 808, 812 (1999). A defendant is not entitled to perfect or errorless counsel, however. *Bridge v. State,* 726 S.W.2d 558, 571 (Tex. Crim. App. 1986).

There is a strong presumption that an attorney's conduct fell within the wide range of reasonable professional assistance and was motivated by sound trial strategy. *Jackson v. State,* 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). The appellant must prove ineffective assistance of counsel by a preponderance of the evidence to overcome this presumption. *Thompson,* 9 S.W.3d at 813.

A showing of deficient performance by counsel must affirmatively appear in the record. *Thompson,* 9 S.W.3d at 812–13. Though an appellate court looks at

the totality of the representation, a single egregious error can sufficiently demonstrate ineffective assistance of counsel. *Ex parte Felton*, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991) (holding appellant was denied effective assistance when trial counsel failed to challenge a void prior conviction which was used to enhance his punishment). A court normally will not find trial counsel ineffective when, as here, the record is silent on counsel's reasoning or strategy. *See Jackson,* 877 S.W.2d at 771. On a silent record, an appellate court should not conclude that the defendant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

## II. Appellant did not receive ineffective assistance of counsel.

We conclude appellant has not met his burden to prove either of the two prongs of the *Strickland* test. Under the deficient performance prong, appellant must show that counsel's assistance was unreasonable and rebut the strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Edwards v. State*, 280 S.W.3d. 441, 442–43 (Tex. App.—Fort Worth 2009, pet ref'd). Under the prejudice prong, appellant must demonstrate that but for counsel's error, the result of the proceeding would have been different. *Id.* at 443. Appellant's allegation that counsel was ineffective for not filing a motion to quash the indictment does not meet either *Strickland* prong. Therefore, we hold that he did not receive ineffective assistance. *See Thompson v. State*, 9 S.W.3d at 813 (failure to show either *Strickland* prong defeats ineffectiveness claim).

### A. Counsel's performance was not deficient because the indictment is not defective.

As to the deficient performance prong, appellant argues that the indictment

should have been quashed on three grounds, and his trial counsel was ineffective for failing to file a motion to quash. We conclude, however, that the indictment was not defective.

### 1. *The indictment charged criminal offenses.*

First, appellant argues that the indictment failed to charge actual criminal offenses because it deviates from the exact statutory language of the offense. For example, appellant states that he is charged with "separating from his GPS tracking equipment," while the statute regarding civil commitment orders directs the person to "refrain from tampering with, altering, modifying, obstructing, or manipulating the tracking equipment." Tex. Health & Safety Code Ann. § 841.082(a)(5)(B). Therefore, appellant argues the indictment does not charge him with an actual criminal offense. We disagree.

The Code of Criminal Procedure provides that "words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of statutory words." Tex. Code Crim. Proc. Ann. art. 21.17 (West 2009). Here, the word "separating" conveys the same meaning as the statutory word "obstructing." By separating from his GPS equipment, appellant committed a criminal offense because he obstructed the equipment from tracking his location. Appellant also argues that the statute does not require him to charge his GPS equipment, so the indictment did not charge a criminal offense. Failing to charge the equipment, however, is equivalent to "obstructing" it, which is a violation of the statute.

Appellant also argues that the statute only forbids him from having sexual contact with a "potential victim," and does not criminalize his contact with a fellow resident. As part of his supervision requirements, however, he was "prohibited from engaging in anonymous or casual contact of a sexual nature"

6

without prior permission. The statute allows a civil commitment order to contain "any other requirements determined necessary by the judge." Tex. Health & Safety Code Ann. § 841.082(a)(9). Therefore, an order may include requirements that are not specifically listed in the statute, and a violation of them is a violation of the statute. Here, the evidence established that appellant did not have permission to engage in such conduct with his fellow resident, so he violated the statute.

Appellant next argues that counts nine and ten do not allege criminal conduct because making thought journal entries is not a requirement of the statute. According to the record, however, writing journal entries was a part of the written requirements of appellant's treatment plan. The civil commitment statute requires a sexually violent predator's participation in and compliance with a "specific course of treatment." Tex. Health & Safety Code Ann. § 841.082(a)(4). Not complying with the treatment is a violation of the statute. *Id.*

Similarly, appellant argues that count eleven states he failed to make "progress" in his treatment program, while the statute merely requires participation in and compliance with it. Count eleven alleges, however, that appellant "failed to participate in and comply with a specific course of treatment" because he "was unsuccessfully discharged from [the program] for failing to make progress." As explained above, not complying with the course of treatment is a violation of the statute. Accordingly, we hold that the indictment charged criminal offenses and is not defective on this ground.

### 2. *The indictment showed Tarrant County was a proper venue.*

Second, appellant argues the indictment does not indicate that Tarrant County was a proper venue. The county entering the civil commitment order, in this case Montgomery County, "retains jurisdiction of the case with respect of a civil commitment proceeding conducted under Subchapters F and G." Tex. Health

& Safety Code Ann. § 841.082(d). This has been interpreted to mean that Montgomery County retains only civil jurisdiction, and "general jurisdiction rules . . . govern potential criminal proceedings that adjudge violations of the terms of the commitment." *Jones v. State*, 333 S.W.3d 615, 619 (Tex. App.—Dallas 2009, pet. ref'd). Hence, as appellant concedes, venue is proper in the county in which the offenses were alleged to have been committed.

Here, all eleven counts state that the criminal offenses were committed in Tarrant County. Thus, the indictment indicates venue was proper in Tarrant County, and it is not defective on this ground.

### 3. *Appellant has not shown that he could be prosecuted again for the same offenses.*

Third, appellant argues the indictment created a double jeopardy problem. In his view, the indictment was not specific enough to bar later prosecution for the same offense because it did not state that he was required to reside in Tarrant County or participate in a treatment program there. He contends that if he was actually required to reside in another county, his conviction under this indictment would not bar a later prosecution in a jurisdiction where these offenses might have violated his civil commitment order.

Appellant offers no evidence, however, that he was required to reside in another county, or that his commitment order applied only in the county in which he was required to reside. Further, there is nothing in the civil commitment statute limiting the order's requirements to a particular county. Because the statute requires the sexually violent predator "to reside in a Texas residential facility" and one of its purposes is to protect the public, it is appropriate to conclude that the statute's requirements apply statewide. Tex. Health & Safety Code Ann. §§ 841.082(a)(1), 841.142(a). We are aware of no statutory or precedential support

8

for the notion that a defendant's violation of a commitment order could give rise to separate criminal offenses in two separate counties: one where the violation was committed and another where he was required to reside. As explained above, venue was proper in Tarrant County because the offenses were committed there, so there should be no double jeopardy issue in the future. Moreover, even if there were a potential double jeopardy issue, the appropriate time to argue this issue is "after he has been charged or indicted for that unnamed future offense." *Burks v. State*, 876 S.W.2d 877, 889 (Tex. Crim. App. 1994); *see Keith v. State*, 782 S.W.2d 861, 864 (Tex. Crim. App. 1989) (stating a double jeopardy issue was not ripe for review because there was no initiation of any subsequent prosecution). Accordingly, we hold the indictment is not defective on double jeopardy grounds.

\* \* \*

Counsel is not required to engage in the filing of futile motions. *Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991); *Diaz v. State*, 380 S.W.3d 309, 312 (Tex. App.—Fort Worth 2012, pet. ref'd). Because the indictment is not defective, filing the motion to quash would have been futile. Therefore, we conclude counsel was not ineffective for failing to file the motion. *See Diaz*, 380 S.W.3d at 313 (holding appellant did not meet first *Strickland* prong because trial counsel did not file what would have been a futile motion to recuse).

### B. Counsel's failure to file a motion to quash did not prejudice appellant.

Even if trial counsel's performance had been deficient, to obtain a reversal under *Strickland,* appellant must also demonstrate that but for counsel's error, the result of the proceeding would have been different. *See Thompson,* 9 S.W.3d at 812; *Hill v. State*, 303 S.W.3d 863, 878 (Tex. App.—Fort Worth 2009, pet. ref'd). To establish such prejudice, appellant must demonstrate that he would have

9

succeeded on the motion to quash the indictment. *See Jackson v. State,* 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). As explained above, however, such a motion would not have succeeded.

Moreover, the remedy for a successful motion to quash the indictment under these circumstances would not have been a dismissal or a new trial, but an opportunity for the State to amend the deficient indictment. *See Garrett v. State*, 161 S.W.3d 664, 668 (Tex. App.—Fort Worth 2005, pet. ref'd). The State may move to amend "a matter of form or substance in an indictment . . . any time before the date the trial on the merits commences." Tex. Code Crim. Proc. Ann. art. 28.10 (West 2010).

Here, appellant has failed to show that the State could not have amended the indictment to cure the alleged defects. Accordingly, we conclude appellant has not met the second prong of *Strickland*.

## CONCLUSION

For these reasons, we overrule appellant's sole issue on appeal and affirm the trial court's judgment.

/s/    J. Brett Busby
           Justice


Panel consists of Justices Frost, Brown, and Busby.

Do Not Publish — Tex. R. App. P. 47.2(b).