**Ronnie G. YATES, Appellant,**

v.

**The STATE of Texas.**

**No. A14–81–028–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 19, 1981.

Wesley Clements, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

PRICE, Justice.

This is an appeal from a conviction for the offense of involuntary manslaughter. The jury found the appellant guilty and assessed his punishment at imprisonment for eight years in the Texas Department of Corrections.

Appellant in his first ground of error asserts that the trial court erred in overruling the defendant's motion for an instructed verdict because the state failed to prove all the elements of involuntary manslaughter. Specifically the appellant contends that the state did not prove that appellant intentionally shot the pistol as the result of a "quick draw" contest with the decedent. Appellant's statement taken shortly after the shooting and introduced as an exhibit by the State described the incident as a challenge to appellant by the decedent to see if she could flip open a knife faster than appellant could draw a loaded gun from atop the headboard of the bed on which they were both situated.

The indictment charged appellant with causing the death of complainant by recklessly pointing a firearm at her. Section 19.05(a) of Tex.Penal Code Ann. (Vernon 1974) provides that a person commits an offense if he recklessly causes the death of an individual. Section 6.03(c) of Tex.Penal Code Ann. (Vernon 1974) defines recklessly as follows:

A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all circumstances as viewed from the actor's standpoint.

Therefore, intent to kill is not an element of the offense of involuntary manslaughter. *Lewis v. State*, 529 S.W.2d 550, 552 (Tex.Cr. App.1975). The jury in this case was properly charged as to involuntary manslaughter, criminally negligent homicide and accident. Appellant maintains that he pointed the gun at the decedent and that it accidently discharged whereas an investigative detective testified that the trigger was of the type that would discharge only with a deliberate pull. Moreover, appellant admitted in his statement that he knew the gun was loaded and had in fact re-loaded the gun shortly before the shooting. We find that there was sufficient evidence for the jury to find recklessness or a conscious disregard of a substantial and unjustifiable risk as the culpable mental state which does support a conviction for involuntary manslaughter and accordingly overrule appellant's first point of error.

Appellant secondly contends that the trial court erred by refusing to grant a mistrial because of an alleged altercation between a defense witness and the decedent's sister which took place in view of the jury. There is no evidence in the record to establish either the truth of the facts alleged, the supposed effect of this incident on the jury or that a conversation even took place between a juror and another person about the case on trial. Mere assertions in the appellant's brief which are unsupported by the record cannot be accepted as fact or considered on appeal. *Beck v. State*, 573 S.W.2d 786, 788 (Tex.Cr.App.1978). Appellant's second ground of error is denied.

The judgment is affirmed.