Thaddeus KIRK, Appellant,

v.

The STATE of Texas, Appellee.

No. C14-84-105CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 25, 1984.

M. Bruce Fort, Texas City, for appellant.

Miguel Martinez, Galveston, for appellee.

Before JUNELL and SEARS, JJ., and T. GILBERT SHARPE, J. (Retired).

## OPINION

T. GILBERT SHARPE, Justice (Retired).

Thaddeus Kirk, Appellant, was convicted by a jury of aggravated sexual abuse. The jury further found the enhancement allegations of the indictment to be true and assessed punishment at life imprisonment. Appellant asserts six grounds of error which we find to be without merit. We affirm.

During the early morning hours of April 23, 1983, the complainant, a nineteen year old female, was walking to a convenience store situated in the area of 27th and Avenue K in Galveston. Complainant testified that as she made her way along the street, she was accosted by appellant. The appellant brandished a gun, which he used to strike complainant repeatedly in the face and to force her off the street into an alley. Once in the alley, appellant compelled the complainant to commit oral sodomy. A witness who had heard complainant's screams and saw appellant threaten her with a gun summoned the police. The responding officer placed appellant under arrest, after appellant had dropped his weapon.

In his first ground of error, appellant complains that the trial court erred in allowing certain questions and answers allegedly relating to specific acts of extraneous conduct. The record reveals no objection to the same. Absent a timely objection, appellant waived error in the admission of such evidence. *Parker v. State*, 649 S.W.2d 46 (Tex.Crim.App.1983) *cert. denied* —— U.S. ——, 104 S.Ct. 496, 78 L.Ed.2d 689 (1983). Ground of error one is overruled.

Appellant urges in his second ground of error that he was denied effective assistance of counsel by his appointed attorney. As a basis for this contention, appellant compiles a list of certain events disclosed by the record of the proceedings below and the action taken by his counsel in response thereto. Appellant's list includes alleged changes of counsel when he was not present, absence of pre-trial motions, absence of a punishment election motion, an abbreviated voir dire, and failure to object to certain portions of testimony and the jury charge.

The United States Supreme Court has recently held that where the defendant asserts a claim of ineffective assistance of counsel, he shoulders the burden of meeting a two-prong test. *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, appellant must demonstrate that counsel's performance was deficient to the extent that counsel was not functioning within the sixth amendment mandate of "right to counsel." Second, defendant must show that there is

a reasonable probability that, but for the ineffective assistance of counsel, the result of the proceeding would have been different. *Strickland,* 104 S.Ct. at 2064. The right to counsel, whether appointed or retained, does not mean errorless counsel. *Williams v. State,* 549 S.W.2d 183 (Tex.Crim.App.1977). The sufficiency of an attorney's assistance must be measured by the totality of the representation afforded the accused. *Archie v. State,* 615 S.W.2d 762 (Tex.Crim.App.1981).

◼ A review of the totality of representation afforded the appellant does not reflect a denial of effective assistance of counsel. The record reflects that defense counsel was permitted discovery of the State's case, without discovery motions. Counsel conducted an extensive and indepth cross examination of each witness for the State, effectively highlighting the weak portions of his testimony. Counsel availed himself of the *Gaskin* rule, securing prior written statements of the State's witnesses and attempted to impeach the complainant by eliciting prior convictions. Ground of error two is overruled.

◼ Appellant's third ground of error challenges the denial of his first amended motion for new trial based upon the jury improperly considering the effect of parole upon the sentence. A jury's discussion of parole law does not constitute reversible error unless an affirmative showing of the following five elements is made: (1) a misstatement of the law (2) asserted as fact (3) by one professing to know the law (4) which is relied upon by other jurors (5) who for that reason changed their vote to a harsher punishment. *Sneed v. State,* 670 S.W.2d 262 (Tex.Crim.App.1984)˙ (en banc). The record fails to show the existence of these elements. The record shows only that some general discussion occurred as to parole law. When the jury requested of the judge specific information pertaining to that subject, it was instructed not to be concerned with the topic in its deliberations. After this instruction, the topic of parole was dropped. Appellant's reliance on the case of *Heredia v. State,* 528 S.W.2d

847 (Tex.Crim.App.1975) is misplaced, as it has been overruled by the *Sneed* decision and therefore is not now authoritative. Appellant's third ground of error is overruled.

◼ In his fourth and fifth grounds of error, appellant claims that the evidence was insufficient to support an aggravated rape conviction, and the jury charge was at fatal variance with the indictment. The complainant testified in substance that appellant accosted her during the early morning hours in a deserted area. He pushed a gun into her stomach, struck her repeatedly and ordered her to go with him and commit oral sodomy. Appellant stated he could kill the complainant if he wished. The complainant stated she was afraid appellant would shoot her and hurt or even kill her. Aggravated Sexual Abuse occurs where the actor, in the course of sexual abuse, by acts, words or deeds places the victim in fear of death, or serious bodily injury. TEX.PENAL CODE ANN. art. 21.-05 (Vernon 1979). We find the evidence to be sufficient to establish complainant was in fear of death and serious bodily injury.

◼ The jury charge permitted the jury to convict upon a finding of fear of death or serious bodily injury. The indictment alleges appellant placed the complainant in fear of death and serious bodily injury. Appellant argues that where the state pleads in the conjunctive, appellant cannot be convicted under a charge in the disjunctive. The Texas Court of Criminal Appeals has on numerous occasions rejected this proposition. *See Zanghetti v. State,* 618 S.W.2d 383 (Tex.Crim.App.1981). Grounds of error four and five are overruled.

◼ In his final ground of error, appellant urges that the trial court committed reversible error by allowing trial counsel to withdraw and appointing substitute counsel in appellant's absence. Appellant argues that because the record does not affirmatively indicate appellant's presence, the court must presume he was absent. The correct rule is to the contrary. Where the record is silent, there is a presumption that

procedural rules have been complied with. *Frame v. State,* 615 S.W.2d 766 (Tex.Crim. App.1981). Mere assertions in appellant's brief, unsupported by the record, cannot be accepted as fact on appeal. *Yates v. State,* 624 S.W.2d 816 (Tex.App.—Houston [14th Dist.] 1981, no pet.). The record reflects that appointed counsel had ample opportunity to contact appellant and discuss the case with him. Appellant's sixth ground of error is overruled.

We find no error and affirm the judgment of the trial court.