# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00280-CR

**Dennis Buie, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
NO. 00-1334, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found that Dennis Buie committed manslaughter when he drove a converted school bus that hit and killed a bicyclist. *See* Tex. Pen. Code Ann. ' 19.04 (West 2003). Buie pleaded guilty to failure to stop and render aid. *See* Tex. Transp. Code Ann. ' 550.021 (West 1999). The jury assessed punishment as imprisonment for seventeen years and five years for the respective offenses. By a single point of error, Buie contends that the district court abused its discretion by denying his motion to strike allegations in the indictment that he consumed alcohol or marijuana before committing the offense. We will affirm the judgment.

At about sunset on November 14, 1999, Buie drove his bus to a grocery store. Earlier that afternoon, he had smoked marijuana and consumed two drinks made with vodka. A witness testified that

Buie ran her car off the road. Numerous witnesses testified that Buie drove the bus faster than seventy miles an hour down an interstate access road and then began swerving erratically before regaining control. Occupants of a car on the interstate said the bus appeared to have hit someone. Buie=s passenger, who also noted that Buie nearly lost control of the bus, testified that Buie said he believed he had hit a bicyclist. Buie drove back home and cleaned the bus. Back at the scene, passersby discovered a dead man who had been thrown from a bicycle.

The State indicted Buie, alleging that he did

> recklessly cause the death of an individual, namely, James Morgan, by operating a motor vehicle at a speed greater than what was reasonable and prudent under the conditions then existing; and by failing to keep a proper lookout; and by operating a motor vehicle after the ingestion of alcohol; and by operating a motor vehicle after the ingestion of marijuana; and by passing in an unsafe manner; and by failing to maintain a single marked lane.

The State also indicted Buie for failing to stop and render aid.

Buie filed a motion to strike the language about his use of marijuana and alcohol from the indictment. He contended that the phrases were surplusage because they were not legally essential to the validity of the indictment. He argued that the language was prejudicial because it implied intoxication without requiring the State to prove intoxication. He contended that the allegations allowed the State to circumvent both the intoxication standard and the restrictions on admission of evidence of other wrongdoing. The court denied the motion to strike. Buie reiterates these arguments on appeal, contending that this charge converted the offense of manslaughter into a strict liability offense. Underlying Buie=s arguments is the theory that consumption of alcohol and marijuana is admissible only regarding intoxication offenses.

Buie argues that, unless consumption of these substances causes intoxication, the consumption of these substances is too prejudicial to be presented as a factor in the commission of crimes.

But the court of criminal appeals has held that an assault by an intoxicated person can support charges of intentional offenses and that the State has discretion to choose whether to pursue intoxication or intentional offenses. *Burke v. State*, 28 S.W.3d 545, 549 (Tex. Crim. App. 2000). The court held that intoxication assault and aggravated assault are not *in pari materia* because of the difference in the requisite mental state of the defendant. *Id*. Intoxication assault requires that the defendant be intoxicated and injure the victim by accident or mistake, but assault requires that the defendant act intentionally, knowingly, or recklessly. *Id*.; *see also* Tex. Pen. Code Ann. '' 22.01, 49.08 (West 2003). Thus, intoxication assault is a strict liability crime, but aggravated assault is not because it has a requisite mental state. *See Burke*, 28 S.W.3d at 549. The court also wrote that consumption of alcohol did not prevent a person from committing a non-intoxication or intentional offense. *Id*.

We find no support for the proposition that the State may not allege consumption of alcohol and marijuana short of intoxication to show recklessness. When alleging recklessness or criminal negligence, the State Amust allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence.@ Tex. Code Crim. Proc. Ann. art. 21.15 (West 1989). A person is reckless with respect to circumstances surrounding or results of his conduct when Ahe is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur.@ Tex. Pen. Code Ann. ' 6.03(c) (West 2003). By comparison, Aintoxicated@ means Anot having the normal use of mental or physical faculties by reason of the

introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of

those substances, or any other substance into the body.@[1]  Tex. Pen. Code Ann. ' 49.01(2)(A) (West

2003).  Under these definitions, a person can be either reckless or intoxicated, both, or neither.  *Cf. Burke*,

28 S.W.3d at 548-49.  The fact that one may legally drive after consuming intoxicating substances does not

prevent the State from alleging that the driver was reckless in doing so; illegality is not a prerequisite of

recklessness.[2]  A jury can determine whether a person=s driving after consuming alcohol and marijuana

shows the requisite disregard for risk without considering whether his consumption of those substances

deprived him of the normal use of his physical and mental faculties.  This is particularly true where, as here,

---

[1]      The term Anormal use@ should be given its common and ordinary meaning.  *Murphy v. State*, 44 S.W.3d 656, 664 (Tex. App.CAustin 2001, no pet.).

[2]      For instance, in *Yates v. State,* the State proved that appellant acted recklessly when he shot and killed the deceased who challenged appellant to see if appellant could draw a loaded gun from atop the headboard of the bed faster than the deceased could flip open a knife.  *Yates v. State*, 624 S.W.2d 816, 817 (Tex. App.CHouston [14th Dist.] 1981, no pet.).  There is nothing inherently illegal in participating in a consensual quick-draw contest, but the State was entitled to present evidence to the jury to show that such participation was reckless.  *See id*.  Conversely, illegal conduct is not necessarily reckless.  *See Gill v. State*, 981 S.W.2d 517, 519 (Tex. App.CBeaumont 1998, pet. ref=d) (exceeding the posted speed limit is not necessarily reckless).

4

driving after consumption is listed conjunctively with other acts charged to demonstrate recklessness such as driving too fast and failure to keep a proper lookout.

Because driving after consuming marijuana and alcohol may show recklessness, the allegations in the indictment that Buie did so are not surplusage. Surplusage is an allegation that is not essential to constitute the offense and that might be omitted without affecting the charge. *Gollihar v. State*, 46 S.W.3d 243, 249-50 (Tex. Crim. App. 2001). The State was required to allege specific acts showing recklessness. Tex. Code Crim. Proc. Ann. art. 21.15 (West 1989). The State=s reliance on the theory that Buie was reckless to drive after consuming alcohol and marijuana renders the allegations essential, not surplusage. The court did not err by so finding.

Nor did the court err by concluding that allegations of consumption of alcohol and marijuana did not imply intoxication without requiring the State to prove intoxication. The State=s decision to charge manslaughter required it to show recklessness without regard to intoxication. Thus, the State=s charge did not allow the State to circumvent the intoxication standard so much as render the intoxication standard legally irrelevant. And, while the indictment permitted the State to introduce evidence regarding consumption of substances that might otherwise have been excluded under Texas Rules of Evidence 403 and 404, the indictment imposed a burden on the State to prove beyond a reasonable doubt that driving after consumption of marijuana and alcohol, combined with other acts, showed recklessness. The court did not err.

We overrule the point of error and affirm the judgment.

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   May 22, 2003

Do Not Publish