TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00280-CR






Dennis Buie, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT

NO. 00-1334, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 A jury found that Dennis Buie committed manslaughter when he drove a converted
school bus that hit and killed a bicyclist. See Tex. Pen. Code Ann. § 19.04 (West 2003). Buie
pleaded guilty to failure to stop and render aid. See Tex. Transp. Code Ann. § 550.021 (West 1999).
The jury assessed punishment as imprisonment for seventeen years and five years for the respective
offenses. By a single point of error, Buie contends that the district court abused its discretion by
denying his motion to strike allegations in the indictment that he consumed alcohol or marijuana
before committing the offense. We will affirm the judgment.

 At about sunset on November 14, 1999, Buie drove his bus to a grocery store. Earlier
that afternoon, he had smoked marijuana and consumed two drinks made with vodka. A witness
testified that Buie ran her car off the road. Numerous witnesses testified that Buie drove the bus
faster than seventy miles an hour down an interstate access road and then began swerving erratically
before regaining control. Occupants of a car on the interstate said the bus appeared to have hit
someone. Buie's passenger, who also noted that Buie nearly lost control of the bus, testified that
Buie said he believed he had hit a bicyclist. Buie drove back home and cleaned the bus. Back at the
scene, passersby discovered a dead man who had been thrown from a bicycle.

 The State indicted Buie, alleging that he did 


recklessly cause the death of an individual, namely, James Morgan, by operating a
motor vehicle at a speed greater than what was reasonable and prudent under the
conditions then existing; and by failing to keep a proper lookout; and by operating
a motor vehicle after the ingestion of alcohol; and by operating a motor vehicle after
the ingestion of marijuana; and by passing in an unsafe manner; and by failing to
maintain a single marked lane.



The State also indicted Buie for failing to stop and render aid.

 Buie filed a motion to strike the language about his use of marijuana and alcohol from
the indictment. He contended that the phrases were surplusage because they were not legally
essential to the validity of the indictment. He argued that the language was prejudicial because it
implied intoxication without requiring the State to prove intoxication. He contended that the
allegations allowed the State to circumvent both the intoxication standard and the restrictions on
admission of evidence of other wrongdoing. The court denied the motion to strike. Buie reiterates
these arguments on appeal, contending that this charge converted the offense of manslaughter into
a strict liability offense. Underlying Buie's arguments is the theory that consumption of alcohol and
marijuana is admissible only regarding intoxication offenses. Buie argues that, unless consumption
of these substances causes intoxication, the consumption of these substances is too prejudicial to be
presented as a factor in the commission of crimes.

 But the court of criminal appeals has held that an assault by an intoxicated person can
support charges of intentional offenses and that the State has discretion to choose whether to pursue
intoxication or intentional offenses. Burke v. State, 28 S.W.3d 545, 549 (Tex. Crim. App. 2000). 
The court held that intoxication assault and aggravated assault are not in pari materia because of the
difference in the requisite mental state of the defendant. Id. Intoxication assault requires that the
defendant be intoxicated and injure the victim by accident or mistake, but assault requires that the
defendant act intentionally, knowingly, or recklessly. Id.; see also Tex. Pen. Code Ann. §§ 22.01,
49.08 (West 2003). Thus, intoxication assault is a strict liability crime, but aggravated assault is not
because it has a requisite mental state. See Burke, 28 S.W.3d at 549. The court also wrote that
consumption of alcohol did not prevent a person from committing a non-intoxication or intentional
offense. Id.

 We find no support for the proposition that the State may not allege consumption of
alcohol and marijuana short of intoxication to show recklessness. When alleging recklessness or
criminal negligence, the State "must allege, with reasonable certainty, the act or acts relied upon to
constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely
that the accused, in committing the offense, acted recklessly or with criminal negligence." Tex.
Code Crim. Proc. Ann. art. 21.15 (West 1989). A person is reckless with respect to circumstances
surrounding or results of his conduct when "he is aware of but consciously disregards a substantial
and unjustifiable risk that the circumstances exist or the result will occur." Tex. Pen. Code Ann.
§ 6.03(c) (West 2003). By comparison, "intoxicated" means "not having the normal use of mental
or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a
dangerous drug, a combination of two or more of those substances, or any other substance into the
body." (1) Tex. Pen. Code Ann. § 49.01(2)(A) (West 2003). Under these definitions, a person can be
either reckless or intoxicated, both, or neither. Cf. Burke, 28 S.W.3d at 548-49. The fact that one
may legally drive after consuming intoxicating substances does not prevent the State from alleging
that the driver was reckless in doing so; illegality is not a prerequisite of recklessness. (2) A jury can
determine whether a person's driving after consuming alcohol and marijuana shows the requisite
disregard for risk without considering whether his consumption of those substances deprived him
of the normal use of his physical and mental faculties. This is particularly true where, as here,
driving after consumption is listed conjunctively with other acts charged to demonstrate recklessness
such as driving too fast and failure to keep a proper lookout.

 Because driving after consuming marijuana and alcohol may show recklessness, the
allegations in the indictment that Buie did so are not surplusage. Surplusage is an allegation that is
not essential to constitute the offense and that might be omitted without affecting the charge. 
Gollihar v. State, 46 S.W.3d 243, 249-50 (Tex. Crim. App. 2001). The State was required to allege
specific acts showing recklessness. Tex. Code Crim. Proc. Ann. art. 21.15 (West 1989). The State's
reliance on the theory that Buie was reckless to drive after consuming alcohol and marijuana renders
the allegations essential, not surplusage. The court did not err by so finding.

 Nor did the court err by concluding that allegations of consumption of alcohol and
marijuana did not imply intoxication without requiring the State to prove intoxication. The State's
decision to charge manslaughter required it to show recklessness without regard to intoxication. 
Thus, the State's charge did not allow the State to circumvent the intoxication standard so much as
render the intoxication standard legally irrelevant. And, while the indictment permitted the State to
introduce evidence regarding consumption of substances that might otherwise have been excluded
under Texas Rules of Evidence 403 and 404, the indictment imposed a burden on the State to prove
beyond a reasonable doubt that driving after consumption of marijuana and alcohol, combined with
other acts, showed recklessness. The court did not err.

 We overrule the point of error and affirm the judgment.



 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: May 22, 2003

Do Not Publish
1. The term "normal use" should be given its common and ordinary meaning. Murphy v.
State, 44 S.W.3d 656, 664 (Tex. App.--Austin 2001, no pet.). 
2. For instance, in Yates v. State, the State proved that appellant acted recklessly when he
shot and killed the deceased who challenged appellant to see if appellant could draw a loaded gun
from atop the headboard of the bed faster than the deceased could flip open a knife. Yates v. State,
624 S.W.2d 816, 817 (Tex. App.--Houston [14th Dist.] 1981, no pet.). There is nothing inherently
illegal in participating in a consensual quick-draw contest, but the State was entitled to present
evidence to the jury to show that such participation was reckless. See id. Conversely, illegal conduct
is not necessarily reckless. See Gill v. State, 981 S.W.2d 517, 519 (Tex. App.--Beaumont 1998, pet.
ref'd) (exceeding the posted speed limit is not necessarily reckless).