**In the Matter of K.E., a Child, Appellant.**

**No. 05–09–00522–CV.**

Court of Appeals of Texas, Dallas.

July 14, 2010.

---

April E. Smith, Mesquite, TX, for Appellant.

Michael R. Casillas, Dallas District Attorney, Dallas, TX, for Appellee.

Before Justices MOSELEY, RICHTER and FRANCIS.

## OPINION

Opinion By Justice RICHTER.

K.E. appeals the trial court's order adjudicating him delinquent and committing him to the Texas Youth Commission ("TYC") for six years. In six issues, appellant claims (1) the evidence is legally and factually insufficient to support the trial court's finding that he could not be properly supervised at home; (2) the trial court abused its discretion in committing him to TYC; (3) the trial court failed to comply with the Family Code by failing to specify the reasons for the disposition; (4) the trial court failed to comply with the Family Code by failing to advise appellant of the procedures for sealing his records; and (5) the trial court's order should be reformed to reflect the correct name of the complainant on Count V. We affirm the trial court's judgment, as modified in Count V, to reflect the correct name of the complainant.

## BACKGROUND

Dallas police officer Walls was patrolling an area in South Oak Cliff when he saw appellant and another juvenile, B.J., outside past the City's juvenile curfew. The juveniles recognized Officer Walls, who was in uniform, and ran up to an apartment. B.J. had a key that allowed them to enter one of the apartments. Officer Walls pursued the juveniles into the apartment and saw B.J. jump over an exterior balcony. Another officer pursued B.J., while Officer Walls found appellant lying on the floor in the bedroom, pretending to be asleep, with his arm outstretched near a couch. Underneath the couch were two .45 caliber handguns. Appellant never attempted to take possession of or shoot the guns. After appellant was handcuffed he showed the officers two SKS rifles, with fully loaded magazines, in a closet in the apartment. Appellant was the only person in the apartment at the time. The officers found crack cocaine in plain view on the kitchen counter. After searching the apartment they also found cocaine, marijuana, PCP (phencyclidine), alprazolam, and four or five scales frequently used in the drug trade to weigh and package drugs. Some of the drugs were already packaged to be sold.

A five-count petition was filed against appellant and a grand jury approved two counts for a determinate sentence: possession with intent to deliver cocaine (4 grams or more but less than 200 grams); and possession with intent to deliver phencyclidine (4 grams or more but less than 200 grams). TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D) (cocaine), 481.102(8) (phencyclidine), 481.112(a), (d) (Vernon Supp.2009); TEX. FAM.CODE ANN. § 53.045(a)(10) (Vernon 2002) (referral of petition to grand jury for child engaged in delinquent conduct that constitutes habitu-

al felony). Appellant waived a jury trial and entered pleas of true to both counts.

The trial court held an adjudication and disposition hearing before assessing punishment. Officer Walls is with the gang unit of the Dallas Police Office. He testified at the hearing concerning the facts surrounding appellant's arrest and identified appellant as an associate of the DFW gang, an "up and coming gang" that engaged in violent activity and drug sales. He also testified that the apartment complex where appellant was arrested is known for gang activities and drug sales. Officer Walls recommended that appellant be placed in TYC. He said that "these guys don't learn with a slap on the wrist … two days later, you can catch them doing the same thing over and over again." He also did not believe that a placement for six to nine months, with release when appellant turned eighteen, would be sufficient. Instead, he recommended several years in TYC. Officer Walls acknowledged that he had never seen appellant sell drugs, and that appellant was cooperative after he was arrested. He estimated that the street value of the drugs found in the apartment was between $5,000–$10,000, and the amount of drugs was sufficient to cover a "few" days' sales.

Appellant testified that he has not been a member of a gang since 2006, but that he associated with gang members. Appellant claimed he never sold any drugs, but he hung out at the apartment to get "free weed." Appellant admitted that he knew drugs were sold from the apartment and that he smoked about five marijuana "blunts" each day. Appellant was almost seventeen years old at the time of the hearing and said that he had been smoking marijuana since he was fifteen years old. Despite the daily marijuana use, a chemical assessment showed that appellant had a low level of substance abuse.

An unidentified probation officer testified that appellant needed rehabilitation. The probation officer recommended that for the protection of appellant and the public, appellant be assigned Progressive Sanction Level 6 or 7 and committed in TYC. He acknowledged that appellant's home was appropriate, but that the level of supervision in the home was not. Appellant's mother's employment required her to be out of the home until approximately 6:00 p.m. every evening. Although appellant's mother testified that she would reduce her hours and do whatever she could to provide more supervision and get her son "on the right track," the evidence established that she did not receive any governmental assistance, could not pay court costs, and she would not be paid if she reduced her hours. There was no other adult in the home to provide supervision, but appellant has two younger siblings who reside in the home.

Appellant's mother requested that her son be placed on probation or in a facility where he could learn a trade. She testified that she moved her family from Indiana to Dallas two and one-half years earlier to escape a violent situation with her "ex," who is not appellant's father. She did not know the area she moved into, but chose it because there was bus service to her job. She stated that she does not have any problems with appellant; he is respectful and does his chores. Appellant's mother has since moved to a house in DeSoto to provide a better environment for the family. Appellant's mother also admitted that she did not know her son smoked five marijuana "blunts" a day, or that he associated with gang members, until she learned about it from the reports in this proceeding.

The evidence established that appellant had been admitted to three other placements: Lyle Medlock Center, Dallas

Youth Village, and Gulf Coast Trade School. Despite the availability of the other placements, the probation officer and the arresting officer continued to recommend placement in TYC, based upon the nature of the offenses, appellant's history of gang involvement and drug use, and the fact that he was almost seventeen.

A psychological screen of appellant was admitted into evidence. It indicated that (1) appellant needs a well structured and supervised environment; (2) appellant needs therapeutic intervention to help with decision making and judgment; (3) upon release appellant would benefit from a mentor; (4) educational needs should be clarified; and (5) appellant would benefit from an assessment to determine a vocational interest. The probation officer acknowledged that all of those recommendations could be satisfied at the other placements.

Appellant has not had any other referrals to juvenile court. However, the predisposition report indicated that appellant had been referred to an alternative education program the preceding year for "almost getting into a gang fight."

## DISCUSSION

### Sufficiency of Evidence on Quality of Care and Level of Supervision

In his first two issues, appellant claims the evidence is legally and factually insufficient to support the trial court's finding that he could not be provided the quality of care and level of supervision to meet the conditions of probation. A juvenile court can only place a child outside of the home if the trial court finds, and includes in the disposition order, that (1)

removal is in the child's best interest; (2) reasonable efforts were made to prevent or eliminate the need for removal; and (3) the child cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation. TEX. FAM.CODE ANN. § 54.04(i)(1) (Vernon Supp.2009).[1] Appellant contends that the evidence is legally and factually insufficient to support the third requirement.

When reviewing the legal and factual sufficiency of a disposition order in a juvenile case, we use a civil standard. *In re T.E.G.*, 222 S.W.3d 677, 678 (Tex.App.-Eastland 2007, no pet.); *In re C.G.*, 162 S.W.3d 448, 452 (Tex.App.-Dallas 2005, no pet.). To determine if the evidence was legally sufficient, we consider only the evidence and inferences that support the finding, and will set aside the placement only if there is no evidence of probative force to support the findings. *Id.* To determine if the evidence was factually sufficient, we weigh all the evidence and set aside the disposition only if it is against the great weight and preponderance of the evidence to be manifestly unjust. *Id.*

Appellant was found in an apartment with a large amount of drugs and loaded weapons. The offenses charged included two felony drug charges of possession with intent to deliver. Appellant associated with members of a gang known for drug sales and violent activity. Because of these circumstances, the probation officer and arresting officer both recommended placement in TYC and not probation or placement in another facility. Appellant's drug use and association with gang members occurred over a period of two years while appellant resided with his mother,

1. Some changes were made to the Family Code and Health and Safety Code since the date of the offense and are published in the 2009 Supplement to Vernon's Texas Codes Annotated, but those changes do not impact the provisions cited in this opinion. Therefore, we cite to the most recent versions of the statutes.

yet she was completely unaware of these issues. The mother provided the only adult supervision in the home, and she needed to work in order to support the family. While the mother testified that she was willing to reduce her hours at work to adequately supervise appellant, the trial court heard this testimony and was in the best position to determine the mother's sincerity and ability to follow through on her promise to adequately supervise her son. *C.G.,* 162 S.W.3d at 452. The probation officer testified that the home was appropriate, but the supervision was not. Viewing the evidence under the appropriate standards of review, we conclude the evidence was legally and factually sufficient to support the trial court's finding that appellant could not be provided the level of supervision necessary to meet the conditions of probation. Accordingly, we overrule appellant's first two issues.

### Abuse of Discretion by Commitment of Juvenile to TYC

In his third issue, appellant argues that the trial court abused its discretion in committing him to TYC. A juvenile court has broad discretion in determining the appropriate placement for a juvenile who has been adjudicated as engaging in delinquent behavior. *C.G.,* 162 S.W.3d at 452. The test for abuse of discretion is whether the trial court acted in an unreasonable or arbitrary manner, without reference to guiding rules and principles. *In the Matter of A.R.D.,* 100 S.W.3d 649, 650 (Tex.App.-Dallas 2003, no pet.).

The arresting officer and probation officer both recommended placement in TYC. Officer Walls testified that TYC was the appropriate placement because "these guys don't learn with a slap on the wrist . . . two days later, you can catch them doing the same thing over and over again." The evidence also showed that appellant was found in an apartment with a significant amount of drugs and weapons and he was familiar with the guns' location. Because of the amount of drugs and weapons found, Officer Walls testified that placement for six to nine months, followed by release to his home, would be appropriate placement for appellant. Although there was evidence that placement at other facilities might be appropriate, the trial court does not abuse its discretion when its decision is based on conflicting evidence. *In re B.N.F.,* 120 S.W.3d 873, 877 (Tex.App.-Fort Worth 2003, no pet.). On this record, we conclude the trial court did not abuse its discretion when it determined appellant should be committed in TYC. Appellant's third issue is overruled.

### Specify Reasons for Disposition in the Order

In his fourth issue, appellant contends that the order in this case does not satisfy the requirements of section 54.04(f) of the family code, and therefore, this case should be remanded to the trial court for reformation. Section 54.04(f) provides that the "court shall state specifically in the order its reasons for the disposition." TEX. FAM.CODE ANN. § 54.04(f) (Vernon Supp.2009). The reason for this requirement is so the child will have notice of the trial court's reasons for the disposition, and the appellate court can determine whether the evidence supports those reasons. *A.R.D.,* 100 S.W.3d at 650 (referring to similar language in section 54.05(i)).

Merely reciting the statutory grounds for disposition is not sufficient to justify the trial court's ruling. *In re J.T.H.,* 779 S.W.2d 954, 959 (Tex.App.-Austin 1989, no writ) (applying section 54.04(c)). However, reciting the statutory language and supplementing it with additional findings is sufficient to meet the requirements of the Texas Family Code. *See In re P.L.,* 106 S.W.3d 334, 338 (Tex.

App.-Dallas 2003, no pet.) (order tracking language of section 54.05 and explaining court's reasons was appropriate).

In this case the trial court made findings in two exhibits to the order. Exhibit B states that "reasonable efforts" had been made to prevent the need for removing the child from his home, including that appellant had been referred to an alternative education program last year; he had received psychological and chemical assessments through the juvenile department; and he had been arrested for multiple felony drug charges and evading arrest. In addition, in an attachment to Exhibit B, the court found that it was in appellant's best interest to be placed outside of the home because he (1) may be dangerous to himself or the public; (2) had a history of aggression toward others; and (3) had been arrested for multiple felony drug offenses, evading arrest, and four guns had been found nearby when he was arrested.

The elements of section 54.04(f) are supported by the findings in the exhibits. Therefore, we conclude that the facts set forth in the exhibit and attachment to the order were sufficient to satisfy the requirements of section 54.04(f) and we overrule appellant's fourth issue.

### Advising Appellant of Procedures to Seal Records

■ In his fifth issue, appellant contends that the reporter's records fails to indicate that the trial court advised him of his right to have his record sealed pursuant to section 54.04(h)(2) of the Texas Family Code. Section 54.04(h)(2) requires the juvenile court judge to advise the child of the procedures for sealing the record under section 58.003. TEX. FAM.CODE ANN. § 54.04(h)(2) (Vernon Supp.2009). Appellant argues that the reporter's record indicates that the trial court did not comply with this requirement. While the reporter's record does not contain a transcription of the court's advising the appellant of the procedures for sealing his records, the adjudication and judgment of disposition order states that the "Court instructed the child and the parents of the procedure to seal the files and records...." Therefore, the record reflects that the court provided the instructions required by section 54.04(h)(2). We overrule appellant's fifth issue.

### Reformation of Order

Finally, appellant complains that the order should be reformed to indicate the name of the complainant on Count V. The State agrees that this reform is necessary. We have the authority to modify incorrect judgments. TEX.R.APP. P. 43.2(b); *Asberry v. State,* 813 S.W.2d 526, 531 (Tex.App.-Dallas 1991, pet. ref'd). Based on the record before us, we modify the trial court's adjudication and judgment of disposition order to reflect the addition of the complainant, A. Aleman, and affirm the judgment as modified.