**Remanded and Memorandum Opinion and Memorandum Concurring Opinion filed July 28, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00105-CV

---

## IN THE MATTER OF W.A.M.P.

---

### On Appeal from the 315th District Court
### Harris County, Texas
### Trial Court Cause No. 2020-00197J

---

## MEMORANDUM OPINION

After an adjudication hearing tried to the bench, the trial court signed a determination order finding that appellant W.A.M.P. engaged in delinquent conduct by committing in January 2020 the second-degree felony of manslaughter. *See* Tex. Fam. Code Ann. § 54.03 (juvenile adjudication hearing); Tex. Penal Code Ann. § 19.04 (elements of manslaughter). The trial court ordered appellant committed to the Texas Juvenile Justice Department for a determinate sentence of 12 years. *See* Tex. Fam. Code Ann. §§ 53.045(a)(3) (determinate sentence), 54.04(a) (juvenile disposition hearing), (d)(3)(B) (punishment for second-degree

felony).

In four issues, appellant argues (1) the trial court's findings in its determination order were insufficient to comply with the Family Code, (2) the trial court abused its discretion by committing appellant to the Texas Juvenile Justice Department, (3) the evidence was legally insufficient to prove that appellant engaged in delinquent conduct by committing manslaughter, and (4) the evidence was factually insufficient to prove that appellant engaged in delinquent conduct by committing manslaughter. We first address issues 3 and 4, as these issues potentially provide the greatest relief, and overrule each issue. We sustain issue 1 on the grounds that the trial court's determination order is insufficiently specific under Family Code section 54.04(f). Tex. Fam. Code Ann. § 54.04(f). Without reaching issue 2, we remand, abating the case by separate order with instructions that the trial court make findings compliant with the Family Code.

## I.  ANALYSIS

## A.  Legal sufficiency

We begin with issue 3, in which appellant challenges the legal sufficiency of the evidence to support the finding that he engaged in delinquent conduct by committing the offense of manslaughter, as this issue, if sustained, would provide appellant the greatest relief. *See Bradleys' Elec., Inc. v. Cigna Lloyds Ins. Co.*, 995 S.W.2d 675, 677 (Tex. 1999) ("Generally, when a party presents multiple grounds for reversal of a judgment on appeal, the appellate court should first address those points that would afford the party the greatest relief.") (citing Tex. R. App. P. 43.3).

Juvenile-justice proceedings are quasi-criminal in nature but classified as civil cases. *In re Hall*, 286 S.W.3d 925, 927 (Tex. 2009) (orig. proceeding). The

burden of proof at the adjudication hearing is the beyond-a-reasonable-doubt standard applicable to criminal cases. *See* Tex. Fam. Code Ann. § 54.03(f). Therefore, we review the sufficiency of the evidence to support a finding that a juvenile engaged in delinquent conduct using the standard applicable to criminal cases. *In re D.L.*, 541 S.W.3d 917, 920 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

Under that standard, we consider all the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). During a bench trial, the trial court is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). We defer to the factfinder's resolution of any conflicting inferences from the evidence and presume that it resolved such conflicts in favor of the judgment. *Jackson*, 443 U.S. at 326; *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014).

A person commits the offense of manslaughter if he recklessly causes the death of an individual. Tex. Penal Code Ann. § 19.04(a). "A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." Tex. Penal Code Ann. § 6.03(c). "The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." *Id.*

Here, the evidence, viewed in the light most favorable to the verdict and resolving conflicting inferences in favor of the judgment, shows that appellant, a student at Bellaire High school, brought a pistol into the Junior ROTC supply room on campus. While showing the gun to other students, including complainant, appellant "racked" the weapon by pulling back the slide,[1] after which a bullet fell out of the gun. During a subsequent interaction between appellant and complainant that took place behind cabinets in the supply room, one student heard complainant say, "Why is that loaded?" and "Why are you pointing it at me?" Another student heard complainant say, "Why is it loaded?" and "Don't point it at me." Multiple students then heard a gunshot or loud bang, after which appellant and complainant were seen walking together, with appellant supporting or dragging complainant; complainant was heard saying "I got shot" and "Why did you shoot me?" Appellant left complainant outside the building. Appellant later asked another student to help him because he "just shot somebody." Complainant died due to blood loss from a single gunshot that perforated his heart and right lung.

Appellant testified that he was familiar with the potential dangers of guns. The trial court also heard expert testimony that the gun in question had a safety that was required to be released before the gun was fired, and that the trigger pull on

---

[1] The student who testified that appellant "racked" the gun described the act as follows:

A. [Appellant] pulled [the gun] out of his pants and he racked the gun, and a bullet came out and hit the ground.

Q. Okay. And when you say he racked the gun, can you show us with your hands what that means to you?

A. Like this (indicating racking).

Q. Okay. And so he pulled the slide back, is what you're saying, right, racking it?

A. Yes.

Q. And did something come out?

A. A bullet came out.

the weapon was "on the heavier side" for a weapon of that type.

A reasonable factfinder could infer from this evidence that appellant knew generally that guns are dangerous, and further knew how to operate this specific gun by virtue of the fact that appellant racked the weapon. The factfinder could further infer that appellant knew the gun was loaded because a bullet fell out when the gun was racked and also by the fact that complainant stated to appellant that the gun was loaded. The factfinder could determine that, in spite of this knowledge, appellant pointed the gun at complainant, based on complainant's overheard statements to that effect. Finally, the factfinder could infer that appellant disengaged the safety and pulled the trigger, based on the expert testimony that the gun had a safety and a fairly heavy trigger pull. This evidence is legally sufficient to prove that appellant acted recklessly, that is, he was aware of but consciously disregarded a substantial and unjustifiable risk. Tex. Penal Code Ann. § 6.03(c) (defining recklessness); *see Thomas v. State*, 699 S.W.2d 845, 850 (Tex. Crim. App. 1985) ("Evidence that a defendant knows a gun is loaded, that he is familiar with guns and their potential for injury, and that he points a gun at another, indicates a person who is aware of a risk created by that conduct and disregards the risk."), *superseded on other grounds by Najar v. State*, 618 S.W.3d 366, 371 (Tex. Crim. App. 2021); *Gahagan v. State*, 242 S.W.3d 80, 88 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (evidence that appellant "was familiar with guns and knew the risks involved in handling them" and "admitted that she was aware that she was pointing the gun in [complainant's] direction," combined with evidence that gun had safety that would prohibit accidental discharge and gun would only fire if trigger was pulled "all the way back," was sufficient to prove recklessness element of manslaughter); *see also Yates v. State*, 624 S.W.2d 816, 817 (Tex. App.— Houston [14th Dist.] 1981, no pet.) (evidence that appellant knew gun was loaded

5

and pointed gun at complainant, combined with evidence that gun "was of the type that would discharge only with a deliberate pull," was sufficient to show recklessness).

Likewise, a reasonable factfinder could conclude that appellant's reckless conduct caused complainant's death, as complainant died from blood loss caused by the gunshot. Accordingly, the evidence is legally sufficient to prove that appellant committed the offense of manslaughter by recklessly causing complainant's death. Tex. Penal Code Ann. § 19.04(a) (elements of manslaughter).

Appellant argues that his testimony that he lacked expertise with guns, the gun fired accidentally, he did not know the gun was loaded, and he did not know the gun was pointed at complainant shows that he lacked the requisite reckless mental state. It was for the factfinder, however, to determine the credibility and weight of appellant's testimony and to resolve conflicts in the evidence, and we may not disturb those determinations by our legal-sufficiency review. *See Jackson*, 443 U.S. at 326; *Adelman*, 828 S.W.2d at 421.

We overrule issue 3.

## B.    Factual sufficiency

We next address issue 4, in which appellant challenges the factual sufficiency of the evidence to support the finding that he engaged in delinquent conduct by committing the offense of manslaughter. *See Bradleys' Elec.*, 995 S.W.2d at 677. Appellant candidly admits that this court has previously determined that factual-sufficiency challenges are not cognizable in juvenile-delinquency cases, but asks us to reconsider these decisions. *See In re R.C.*, 626 S.W.3d 76, 83 n.3 (Tex. App.—Houston [14th Dist.] 2021, no pet.) ("[T]his court already has held that the legal sufficiency standard is the only standard a court may apply in

juvenile delinquency cases in determining whether the evidence is sufficient to support each element that the State is required to prove beyond a reasonable doubt.") (collecting cases).

We overrule issue 4.

## C.     Reasons for disposition

In issue 1, appellant argues the trial court did not specifically state in its order of determination its reasons for committing appellant to the Texas Juvenile Justice Department as required by the Family Code. *See* Tex. Fam. Code Ann. § 54.04(f) ("The court shall state specifically in the order its reasons for the disposition[.]"). Compliance with this requirement is mandatory, for such findings "provide assurance that the child and his family will be advised of the reasons for [removal from the home] and . . . be in a position to challenge those reasons on appeal." *J.L.E. v. State*, 571 S.W.2d 556, 557 (Tex. Civ. App.—Houston [14th Dist.] 1978, no writ). Merely reciting the statutory grounds for disposition is not sufficient to justify the trial court's ruling. *In re K.E.*, 316 S.W.3d 776, 781 (Tex. App.—Dallas 2010, no pet.). However, reciting the statutory language and supplementing that language with additional specific findings may be sufficient to meet the requirements of section 54.04(f). *Id.*

The Family Code requires the trial court to make certain findings when committing a child to the Texas Juvenile Justice Department. Section 54.04(c) provides, in relevant part: "No disposition may be made under this section unless the child is in need of rehabilitation or the protection of the public or the child requires that disposition be made." Tex. Fam. Code Ann. § 54.04(c). Section 54.04(i) provides, in relevant part, that when the trial court commits a child to the Texas Juvenile Justice Department, the trial court "(1) shall include in its order its determination that: (A) it is in the child's best interests to be placed outside the

7

child's home; (B) reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the child's home; and (C) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation[.]" Tex. Fam. Code Ann. § 54.04(i).

In this case, the trial court made the following relevant findings in its order:

Disposition should be made for the child's protection and for the protection of the public. Disposition is in the best interest of said child's health, safety, morals and education.

The Court finds that reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible to return home; and further finds that the child, in the child's home, cannot be provided the quality or care and level of support and supervision that the child needs to meet the conditions of probation. The Court finds that the best interest of the child and the community will be served by committing the child to the care, custody, and control of the TEXAS JUVENILE JUSTICE DEPARTMENT.

It further appears to the Court that the best interest of the Respondent and the best interest of society will be served by committing [appellant] to the care, custody and control of the TEXAS JUVENILE JUSTICE DEPARTMENT for the following reason(s): [left blank].

The Court finds it is in the [appellant]'s best interest to be placed outside the [appellant]'s home and finds that reasonable efforts were made to prevent or eliminate the need for the [appellant]'s removal from the home and to make it possible to return home.

Of these, only the finding that commitment "is in the best interest of said child's health, safety, morals and education" substantially departs from the Family Code's mandatory findings. *See* Tex. Fam. Code Ann. § 54.04(c), (i). And this finding essentially repeats the mandatory finding that commitment is in appellant's best interest, providing little, if any, specific information about the reasons for the disposition. *See* Tex. Fam. Code Ann. § 54.04(i)(1)(A) (best-interest finding); *see*

8

*also In re S.J.F.*, No. 04-06-00619-CV, 2007 WL 1752186, at *1 (Tex. App.—San Antonio June 20, 2007) (mem. op.) (statement that child "would be committed to TYC 'in light of his record regarding his education and complying with conditions of probation' is simply too unclear and ambiguous to allow meaningful review on appeal"); *see In re S.J.F.*, No. 04-06-00619-CV, 2007 WL 1829246 (Tex. App.—San Antonio June 20, 2007, order).[2]

The State argues that the oral statements of the trial court at the disposition hearing may be considered when determining if the order is sufficiently specific. We decline, however, to consider oral statements made by the trial court, as to do so would contravene the plain language of the statute, which clearly requires the trial court's reasons to be stated in a written order: "The court shall state specifically *in the order* its reasons for the disposition and shall *furnish a copy of the order to the child*." Tex. Fam. Code Ann. § 54.04(f) (emphasis added). While the State notes that the San Antonio Court of Appeals considered the trial court's oral statements in *S.J.F.*, that court did so without articulating why that is permissible under the statute, and in any event determined the trial court's oral statements were insufficiently specific under the statute.[3] *See S.J.F.*, 2007 WL

---

[2] We note that the court of criminal appeals recently determined that a trial court's order waiving jurisdiction under Family Code section 54.02(h) is not void even if it does not contain "case-specific fact-findings to support the reasons for the transfer." *Ex parte Thomas*, 623 S.W.3d 370, 381 (Tex. Crim. App. 2021). We are not aware of any authority applying this reasoning to section 54.04(f), which involves the reasons for the trial court's disposition. Moreover, while the State cites *Thomas* in passing, no party argues that *Thomas* controls as to this case, which involves a different issue affecting a different section of the Family Code.

[3] Even if we were to consider the trial court's oral statements from the disposition hearing in this case per the State's request, the statements quoted by the State are no more specific than the trial court's written order:

> [THE COURT:] So we are here for the disposition determination in this matter. On January the 22nd of 2021, the Court found that the State had proved beyond a reasonable doubt that [appellant] had engaged in delinquent conduct for the felony offense of manslaughter as alleged in Petition No. 2020-00197J

1752186, at *1.

We determine the trial court's findings are insufficiently specific to meet the requirements of Family Code section 54.04(f) and accordingly sustain issue 1.

---

amended and that he was in need of rehabilitation. That petition was approved by the 228th grand jury for determinate proceedings.

Having heard—having had both parties present testimony, evidence, rested and closed, as well as argued, and considering all that evidence, reviewing the behaviors of the child and the circumstances under which the child was brought to the Court, the reasons for the behavior and other disposition alternatives, the Court finds that it is in the child's best interest and orders that the disposition in this matter is 12 years TJJD.

## II. CONCLUSION

We overrule appellant's legal- and factual-sufficiency challenges in issues 3 and 4. We sustain appellant's issue 1 challenging the specificity of the trial court's findings in its disposition order. "When a juvenile court does not comply with Section 54.04(f), we do not reverse for a new trial, but instead remand with instructions for the juvenile judge to render a proper disposition order specifically stating the reasons for such disposition." *S.J.F.*, 2007 WL 1752186, at *1; *see* Tex. R. App. P. 44.4 (appellate court must not affirm or reverse judgment or dismiss appeal if (1) trial court's erroneous action or failure or refusal to act prevents proper presentation of case to court of appeals and (2) trial court can correct its action or failure to act; instead, appellate court must direct trial court to correct error). Accordingly, by separate order, we abate this appeal and remand the case to the trial court for further proceedings limited to the trial court rendering a proper order of disposition specifically stating the reasons for its disposition in compliance with Family Code section 54.04(f). We do not reach issue 2, but instead will consider this issue following receipt of the trial court's findings and any necessary additional briefing.


/s/     Charles A. Spain
          Justice


Panel consists of Justices Wise, Spain, and Hassan.

11