**Affirmed and Opinion Filed December 4, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-24-00126-CV

## IN THE MATTER OF A.P., A JUVENILE, Appellant

**On Appeal from the 305th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JD-23-00824-X**

## MEMORANDUM OPINION

Before Justices Nowell, Miskel, and Breedlove
Opinion by Justice Breedlove

A.P. appeals the trial court's judgment adjudicating him a child engaged in delinquent conduct. In a single issue, he contends the trial court abused its discretion by ordering him placed in the custody of the chief probation officer for placement in the STARS Residential Treatment Program. We affirm the trial court's judgment.

### BACKGROUND

A.P. was fourteen years old when he entered the juvenile justice system. On July 5, 2023, the State filed a petition alleging that A.P. committed an act that would constitute aggravated sexual assault of a child; that charge was later reduced to injury to a child. A.P. entered a plea of true, and the trial court found him to be a child engaged in delinquent activity.

At the disposition hearing, the State offered A.P.'s psychological evaluations and predisposition reports. The predisposition report noted that on May 31, 2023, A.P. pulled down his pants and exposed his penis to complaining witness A.C., an eight-year-old girl. A.P. forced A.C.'s head down and instructed her to perform oral sex on him. A.C. reported to a forensic interviewer that after she pushed A.P. away, he pulled her pants down and made her sit on top of him. A.C. stated that his penis touched her anus. Afterward, A.P. made A.C. "pinky promise" not to tell anyone. The reports indicated that A.P. was diagnosed with ADHD and dyslexia, performed well below grade level in all respects, and had a below average range of intellectual functioning. The reports also indicated that prior to committing the charged offense, A.P. participated in a Problematic Sexual Behavior Program at Dallas Children's Advocacy Center for approximately one year due to allegedly "hurting and sexually touching" his younger sisters, both of whom were under age 14 at the time.

The State called A.P.'s probation officer, Antoine Salazar to testify. He discussed all the observations made in the predisposition reports, and he testified to the department's recommendations for A.P. as follows:

> It is respectfully recommended that the subject be assigned to Progressive Sanction Level V, and be placed on probation for a period of two years in the custody of the chief probation officer for placement at the Dallas County STARS Residential Treatment Program.
>
> With regards to the orders affecting the parents or others, it is respectfully recommended that the parents participate in the parental component of the subject Court ordered placement. It is respectfully recommended that the subject['s] mother be required to attend all, and

participate in the child's treatment program as deem[ed] necessary by the treatment team.

Salazar also testified that A.P.'s risk level was high and that his needs level was moderate, and that he would benefit from a secure environment where he could receive increased structure and counseling. He stated that reasonable efforts would be made to return him to his father's home as soon as possible. However, it was his opinion that he could not be given the quality of care and level of support he needed at his father's home at that time.

A.P. called his parents to testify. His mother testified that she would drive A.P. to counseling and support him in his treatment if he were allowed to remain in his father's home. His father testified that there were no minor children living in his home, that any computers in the home would be kept in the public area if A.P. were allowed to live in his home, and that A.P. would not have a smartphone. A.P.'s father also testified that he would drive him to counseling appointments and support A.P. in treatment. A.P.'s father testified that he would supervise A.P. and asked the court to allow A.P. to stay at his home. Finally, A.P. himself testified that he would be responsible for his own actions if released to his father's home and promised that if released, this would be the last time he is arrested.

The trial court concluded that remaining in his father's home was not in A.P.'s best interest. The court found he was in need of rehabilitation and that his protection—and the protection of the public—required him to be placed on a two-year probation, in the custody of the chief probation officer, for placement at the

STARS Residential Treatment Program. A.P. appeals his placement and seeks to be allowed to return to his father's home.

## DISCUSSION

The single question before us is whether the trial court abused its discretion by placing A.P. away from his father's home. Before the trial court can place a child on probation outside the child's home, the court must find the following: it is in the child's best interests to be so placed; reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to his home; and the child, in his home, cannot be provided the quality of care and level of support and supervision that he needs to meet the conditions of probation. TEX. FAM. CODE ANN. § 54.04(i)(1). We review a trial court's disposition of a child found to be engaging in delinquent behavior for an abuse of discretion. *In re J.M.*, 433 S.W.3d 792, 795 (Tex. App.—Dallas 2014, no pet.) (citing *In the Matter of K.E.*, 316 S.W.3d 776, 781 (Tex. App.—Dallas 2010, no pet.) ("A juvenile court has broad discretion in determining the appropriate placement for a juvenile who has been adjudicated as engaging in delinquent behavior."). The test for abuse of discretion is whether the trial court acted in an unreasonable or arbitrary manner, without reference to guiding rules and principles. *Id.* (citing *K.E.*, 316 S.W.3d at 781).

The trial court found it was in A.P.'s best interests to be placed at the STARS Residential Treatment Program where his educational and treatment needs could be

met. The trial court further found that reasonable efforts had been made to prevent the need for A.P.'s removal from his home and to make it possible for him to return to his home as soon as possible. In the end, the court found that—if A.P. remained at home—he could not be provided the quality of care and level of support and supervision that he needed to meet the conditions of probation. *See* TEX. FAM. CODE ANN. § 54.04(c), (i)(1). Based on those findings, the trial court signed its judgment placing A.P. on probation for two years with placement in the STARS Residential Treatment Program.

At the hearing, the trial court specifically noted that it was basing its decision on concerns about A.P.'s father's ability and willingness to "enforce the accountability that would be required for [A.P.] to be successful, particularly with respect to any type of treatment protocol" based on the father's testimony and found that as a result, a need for residential sex offender treatment necessitated placement outside the father's home.

We conclude the trial court's ruling is reasonable in light of the evidence. *See In re M.A.C.*, 339 S.W.3d 781, 784 (Tex. App.—Eastland 2011, no pet.) (giving "almost total deference" to the trial court's application-of-law-to-fact questions that turn on the evaluation of the credibility and demeanor of witnesses in a juvenile delinquency case) (citing *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002)). We discern no abuse of discretion in A.P.'s placement. *See J.M.*, 433 S.W.3d at 796; *K.E.*, 316 S.W.3d at 781. We overrule his single issue.

## CONCLUSION

We affirm the trial court's judgment.

240126f.p05

/Maricela Breedlove/
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
MARICELA BREEDLOVE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

IN THE MATTER OF A.P., A
JUVENILE

No. 05-24-00126-CV

On Appeal from the 305th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. JD-23-00824-
X.
Opinion delivered by Justice
Breedlove. Justices Nowell and
Miskel participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of December, 2024.